Opinion delivered May 8, 1888.

---

## No. 6245.

### W. W. TALBERT *v.* A. J. & J. J. DULL.

**1.** CERTIFICATE OF ACKNOWLEDGMENT.—An imperfect statement of a fact required to be set forth in a certificate of acknowledgment will not vitiate when it consists in the omission of a material word, if the mistake is apparent from the context. See opinion for a certificate of acknowledgment, held good, and which illustrates the rule.

**2.** EVIDENCE.—A certified copy of the transfer of a land certificate made before the issue of patent to the purchaser, as assignee, which identifies the certificate by the name of the grantee, the date of its issuance, and its number, is admissible in evidence for one claiming under a patent to the assignee, which on its face purports to have been issued by virtue of a certificate of the same number, and issued to the same grantee.

**8.** SAME.—Though a patent to land may not disclose the number of the certificate by virtue of which it issued, that fact may be shown by certificate of the Commissioner of the General Land Office.

**4.** ACKNOWLEDGMENT OF DEED.—No authority exists in the judge of a court of record in another State to take an acknowledgment of a deed conveying land in Texas.

APPEAL from McMullen. Tried below before the Hon. D. P. Marr.

Suit of trespass to try title by appellees to recover one undivided one-half of survey number three, section number six, in

the name of Juan Ignacio Diaz, situated in McMullen county, Texas, and for partition. By a second amended answer filed March 28, 1887, the pleas of "not guilty," the statutes of three, five and ten years limitation, stale demand and improvements were pleaded.

*J. M. Eckford,* for appellant: The court erred in admitting in evidence the transfer of certificate from William Richardson to Luckie and McCraven, dated July 2, 1838.

The instrument admitted in evidence, not embracing the land sued for, was irrelevant testimony.

The acknowledgment taken before John W. Smith is fatally defective and the conveyance should have been excluded. (Act of Congress, Republic of Texas, Jan. 19, 1839; Laws Republic of Texas, 47; Act of Dec. 20, 1836; Pas. Dig., art. 4973; Hartley's Dig., arts. 2760, 2765, 2767, 2768, 2769, 2777; Kerns v. Swope, 2 Watts, 75; Craddock v. Merrill, 2 Texas, 494; Holiday v. Cromwell, 26 Texas, 194.)

The court erred in admitting in evidence the deed of partition between Luckie and McCraven, dated May 28, 1846.

The deed of partition failing to describe the land sued for, was irrelevant testimony. (Craddock v. Merrill, 2 Texas, 496; Baldwin v. Richardson, 33 Texas, 31; Crosby v. Huston, 1 Texas, 237.)

The court erred in admitting in evidence the certificate of the Commissioner of the General Land Office.

The patent was the best evidence of the fact sought to be established by the certificate of the Commissioner of the General Land Office, and such certificate is not competent evidence under Revised Statutes, art. 2253. (Smithwick v. Andrews, 24 Texas, 490, 494.)

*T. S. Archer,* for appellee.                                     :

GAINES, ASSOCIATE JUSTICE. This is an appeal from a judgment in favor of appellees against appellant, for the recovery of an undivided half interest in a tract of land patented by virtue of a certificate granted to Juan Ignacio Diaz. The patent issued July 25, 1845, to S. H. Luckie and William McCraven, as assignees, and both parties claim under the patentees. Following the patent, appellees' chain of title is as follows: First, a deed of partition between Luckie and McCraven, in which

the land in controversy was conveyed to Luckie; second a deed from Luckie to H. W. Jernigan and James E. Gatchet; and third, deeds from Charles A. Jernigan, James T. Jernigan and Fannie A. Banks, who are admitted to be the sole heirs of H. W. Jernigan, to appellees, A. J. & J. J. Dull. The appellant claims under a deed from James E. Gatchett to one Sheppard, dated April 15, 1856, and by mesne conveyances from Sheppard down to himself, and is shown to have whatever title Gatchet had at the date of his conveyance. This preliminary statement is sufficient for a proper understanding of our rulings upon appellants' assignments of error.

The first assignment is to the effect that the court erred in admitting in evidence the certified copy of the transfer from Richardson to Luckie and McCraven. This conveyance is previous to the issue of the patent to Luckie and McCraven, as assignees, and is not a link in the chain of title essential to be proved, but for the fact that it is referred to in the subsequent deed of partition between Luckie and McCraven, and is necessary to show that the land in controversy was conveyed to Luckie by that deed, as will hereafter appear. It therefore becomes important and material evidence. It is insisted, first, that the transfer does not describe the land sued for. This is true, but it, does not purport to convey lands. It conveys a large number of land certificates purchased from sundry persons who are mentioned, and names "Juan Ignacio Diaz, one league and labor, dated eleventh May, 1838, number five hundred and nineteen." The appellees showed by the certificate of the Commissioner of the General Land Office that the land in controversy was patented to Luckie and McCraven, assignees of Juan Ignacio Diaz, by virtue of headright certificate number five hundred and nineteen, issued to Diaz on the day above named. This shows that the description in the transfer identifies the certificate by date and number, and is therefore good.

But it is further insisted that the certificate of proof of the transfer is not in accordance with law. The body of the certificate is as follows:

"I, John W. Smith, clerk of the county aforesaid, do hereby certify that John O. Trueheart, one of the above subscribing witnesses, who, being duly sworn, in due and solemn form, that he himself, with Andrew J. F. Phelan, signed as witnesses when William Richardson signed and acknowledged the foregoing instrument of writing for the purposes therein set forth."

The statute in force at the time this acknowledgment was taken makes the county clerks recorders of their respective counties, and provides that ''one of the witnesses of the number required by law shall swear to the signature of the signer, or he himself shall acknowledge the same, which shall be certified by the recorder,'' etc. (Pas. Dig., art. 4973; Paschal v. Perez, 7 Texas, 354; McKissock v. Colquhoun, 18 Texas, 151; Howard v. Colquhoun, 28 Texas, 134.) There is clearly a clerical mistake in the certificate. From a late work on deeds we deduce the rule, ''that an inartificial or imperfect statement of a fact required to be stated should not vitiate a certificate. (1 Devlin on Deeds, sec. 517.) It has accordingly been held that the omission of a material word does not invalidate an acknowledgment, when it is evidently a mistake, and the context in order to give it a meaning necessarily supplies the deficiency. (Canal Co. v. Russell, 68 Ill., 426; Johnson v. Mill Co., 13 Nev., 351; Dickerson v. Davis, 12 Iowa and cases cited; see also Blythe v. Houston, 46 Texas, 67; McDonald v. Morgan, 27 Texas, 503.)

We think the certificate in question admits of but one construction, which is that that the word ''says'' or ''said'' or some equivalent term was inadvertently omitted. But taking it literally as it stands, we think the meaning is sufficiently conveyed that the witness was sworn to the facts therein stated. The meaning is that he signed the deed as a subscribing witness, and that at the same time the grantor signed and acknowledged the same. We think this sufficient under the statute above quoted, as in force at the time the proof was made. These are the only objections urged in the brief to the admission of the transfer in evidence, and these we think not well taken.

The second assignment is that the court erred in admitting in evidence the deed of partition between Luckie and McCraven. This deed was also objected to on the ground that it did not describe the land. It recites that at the time of its execution all the certificates transferred to the parties by Richardson had been located; and by it Luckie conveys by name certain tracts to McCraven, and McCraven conveys all other lands located by virtue of these certificates to Luckie. The land in controversy consists of a half league, and lies on the southwest side of the Frio river, and the number of its patent is sixty-one. This land is not named in the deed of partition, but a survey for a half league made upon the same certificate and lying on the

northeast side of the Frio is named, and its patent is number sixty-two. It therefore appears that by reference to the Richardson transfer and the patent, it is made certain that the land in controversy is conveyed by the deed of partition to Luckie.

We think the fact that the land in controversy was patented by virtue of certificate number five hundred and nineteen, was properly proved by the certificate of the Commissioner of the General Land Office. The patent did not show the number of the certificate by virtue of which it issued. Article 2253 of the Revised Statutes authorizes all heads of departments to give certificates to "any fact or facts, contained in the papers, documents or records of their offices," and provides that they "shall be received in evidence in all cases in which the originals would be evidence." The certificate in this case comes clearly within this provision. It is a direct fact, which is here certified, and not a conclusion; and therefore the certificate comes within the purview of the statute. (Holmes v. Coryelle, 58 Texas, 680.) The objection to the deed from Luckie to Jernigan and Gatchet on account of the certificate of acknowledgment is not well taken. The acknowledgment was taken before the clerk of the county court, and although the certificate does not follow the exact language of the statute, it complies with it in substance. (Monroe v. Arledge, 23 Texas, 478.)

The deed from Charles H. and James T. Jernigan to plaintiffs was also objected to by the defendant in the court below, and this objection was well taken. The acknowledgment was taken in the State of Alabama, by a judge of probate. Article 4306 of the Revised Statutes provides that "the acknowledgment or proof of an instrument of writing for record may be made without this State, but within the United States, before either 1. A clerk of a court of record having a seal. 2. A commissioner of deeds duly appointed under the laws of this State. 3. A notary public." We find no authority for a judge of a court of record to take an acknowledgment without the State. We presume the attention of the trial judge was not called to the change in the law in this respect which was made by the Revised Statutes. For the error of the court in admitting the deed under consideration, the judgment must be reversed. Without this conveyance, the plaintiffs failed to show title to a half of the land, for which they recovered a judgment.

With a view to another trial, we will say that, if the deed in question had been properly admitted, we think the conveyance

purporting to be from the Jernigans and Mrs. Banks, by attorney, to plaintiffs, would have been properly admitted, although no power of attorney was legally proved. It appears to be duly acknowledged. The last deed being for the nominal consideration of one dollar, although it does not purport to be a ratification of the act of the alleged attorney, must be presumed to have been intended for that purpose. This is the reasonable deduction from the facts. A ratification would have related back and made good the deed executed by the alleged attorney. (Bank v. Warren, 15 N. Y., 577.)

The court did not err in excluding the conveyance from H. W. Jernigan to James E. Gatchet. It is dated the twentieth of December, 1843, and shows upon its face that it was but a mortgage.

The assignment that "the judgment of the court is contrary to the law and evidence" is too general to be considered.

For the error pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*