## B. S. GRAY v. CLARA KAUFFMAN.

### No. 6916.

1. **Aliens—Right to Own Land.**—Aliens under the law can acquire land in this State by purchase, devise, or descent, and can maintain suit for land so acquired.

2. **Judgment as Evidence of Title.**—Judgment in favor of one tenant in common for title does not affect the claims of the defendants made parties as among themselves. Such judgment without partition does not constitute the defendants joint tenants in the interest in the land not recovered.

3. **Trespass to try Title by Tenant in Common.**—A defendant not showing title can not object to recovery in trespass to try title by a plaintiff exhibiting title to an undivided interest in the land sued for.

4. **Description.**—It is immaterial where the identity of the land is shown, that the description in the petition may differ from that in the title deeds exhibited.

5. **Certificate of Acknowledgment.**—A notarial certificate, "that the grantor in the foregoing deed, Wm. C. Shaw, well known, * * * acknowledged that he had executed the same J. C. for Caskey all the uses, purposes, and considerations therein set forth, and that he wished not to retract the same," *held,* sufficient. The name *J. C. Caskey* was surplusage and should be so treated.

**6. Privy Acknowledgment.**—A notarial certificate of privy acknowledgment regular in other respects read, "the said Adaline Caskey acknowledged such instrument to be —— act and deed, and that she had willingly signed the same for the purposes and considerations therein expressed, and that she did not wish to retract it," shows a substantial compliance with the statute.

APPEAL from Williamson. Tried below before Hon. WM. M. KEY. The opinion states the case.

*Fisher & Ward*, for appellant.—1. Under the laws of Texas an alien domiciliated in a foreign country can neither sue for nor otherwise acquire real estate, unless by laws of the country to whom the alien owes allegiance such right is accorded citizens of the United States. Rev. Stats., art. 9.

2. There being no treaty between the United States and Germany permitting citizens or subjects of the respective countries to acquire real estate by purchase within the territory of the other, the decree, if any, of the German Empire conferring such right upon citizens of the United States should have been pleaded and proved by plaintiff as a condition precedent to her right to sue.

3. One tenant in common can not maintain action of trespass against his cotenant.

4. Kauffman & Runge having purchased of Sam Jackson pending the suit of Frederick v. Jackson et al., and the decree of the District Court of Williamson County of July, 1885, having divested Jackson of title, Kauffman &,Runge acquired no title to any particular land, and therefore Mrs. Kauffman by her purchase from them acquired none, and she is now estopped by said decree from asserting title by metes and bounds to any particular portion of such land.

*Glasscock & Strickland* and *Joseph W. Robertson*, for appellee.—1. The question of alienage can not be raised by appellant. It can only be raised by the State of Texas in a proceeding to forfeit the land. Hanrick v. Hanrick, 54 Texas, 113; Wiederanders v. The State, 64 Texas, 133; Zundell v. Gess, 9 S. W. Rep., 879; Osterman v. Baldwin, 6 Wall., 123; Airhart v. Massien, 8 Otto, 491; Phillips v. Moore, 10 Otto, 208.

2. The evidence shows, and the court below found, that appellant had no valid claim to the land in controversy in this suit.

3. There is nothing in the record to show that the land partitioned in the case of Frederick v. Jackson included the land in controversy in this suit, nor does the appellant attempt to show such to be the fact in his brief.

TARLTON, JUDGE, *Section B.*—Clara Kauffman, a resident of Bremen, Germany, brought this suit in trespass to try title against B. S. Gray to recover 153½ acres, more or less, of land out of the Harrison

Johnson survey in Williamson County. The plaintiff pleaded her title specially, setting out the consecutive deeds which constituted the chain, beginning with a deed from B. S. Gray, the defendant. She pleaded also the statute of five and of ten years limitation. The defendant relied upon the pleas of general denial and not guilty. The case was tried before the court without a jury, and judgment was rendered for the plaintiff for the land and for damages in the sum of $18, from which defendant appeals. The record contains no conclusions of law and fact.

Appellant's first contention is that appellee, on account of her alienage, under our laws could not acquire nor assert title to the land claimed by virtue of her deed, unless under the laws of Germany citizens of the United States be permitted to own and recover real estate.

Whatever doubt may have once been entertained on this subject, it seems now to be well settled that aliens under the law as it existed when this cause was tried could acquire land in this State by purchase, devise, or descent, and could maintain suit for land so acquired. Their title was defeasible, it is true, but defeasible only at the instance of the State. The appellant, therefore, can not urge the objection of alienage. Hanrick v. Hanrick, 54 Texas, 113; Wiederanders v. The State, 64 Texas, 133; Osterman v. Baldwin, 6 Wall., 125; Phillips v. Moore, 10 Otto, 208. The recent legislative enactment on this subject (Acts 22d Leg., p. 82) is not before us for construction.

The defendant read in evidence a certain judgment of the District Court of Williamson County rendered at the July term, 1885, in a suit for partition, wherein Wm. J. Frederick was plaintiff and Sam Jackson, T. D. Whittenberg, B. S. Gray, R. B. Caskey, E. J. Talbott, and S. G. Talbott were defendants. In this suit the plaintiff Frederick sought to recover of the defendants named an undivided interest of 553½ acres of the Harrison Johnson one-third league. The suit was dismissed as to two of the defendants, E. J. and S. G. Talbott, and as it appeared that after the institution of the suit the defendant R. B. Caskey purchased the interest of the plaintiff Frederick, judgment without partition in favor of said Caskey for an undivided interest of 553 acres in the Harrison Johnson survey was rendered by default against the remaining defendants, Sam Jackson, T. D. Whittenberg, and B. S. Gray. Pending the suit referred to, the appellee in this cause, or her immediate vendors, bought from Sam Jackson and his wife the land involved in this litigation. It appears from the statement of a witness that at one time B. J. Gray bought the eastern third of the Johnson survey.

From the foregoing facts appellant insists: 1. That the appellee, as vendee of Jackson, became a tenant in common with the appellant Gray, and that as his cotenant she can not maintain this action. 2. That as appellee was a purchaser from Jackson pendente lite, and as Jack-

son was divested of title by the judgment referred to, appellee acquired title to no particular portion of the land, and from asserting title by metes and bounds is estopped by said judgment, which constitutes a superior outstanding title in another.

We differ from appellant with reference to both these propositions as applicable to this case. We are unable to conclude that appellant and appellee became cotenants in the land here involved. The judgment decreeing that Gray had no interest, or divesting him of any interest, in the undivided interest sued for by Frederick, could not certainly have the effect of investing him with title to the land in controversy in this suit.

On the second proposition: If Jackson owned an interest in the land involved in this suit, he was not divested of that entire interest by the judgment in the Frederick case, since that action was to recover only an undivided interest, and no partition was decreed. It follows then at most that Caskey, the successful party by right of his purchase from Frederick, and Jackson or his vendee, the appellee in this cause, would because of said judgment become tenants in common as to the land in controversy in this suit. The appellant Gray shows no title or interest whatever in this land. He must be regarded as a stranger; and as such can not resist appellee's suit, though appellee and Caskey may be tenants in common. Telfener v. Dillard, 70 Texas, 142, and authorities cited.

Appellant in his fifth assignment of error contends that the several deeds read by appellee were inadmissible, because the land therein described is different from the land set forth in plaintiff's petition. While the description contained in the petition differs from that in the deeds referred to, the evidence of the witnesses Penn and Caskey sufficiently show that the land is the same.

In appellant's sixth assignment complaint is made that the court erred in admitting a deed from Wm. C. Shaw to J. C. Caskey, because of defective certificate of acknowledgment. The certificate recites that the grantor in the foregoing deed, Wm. C. Shaw, well known, etc., appeared, etc., and "acknowledged that he had executed the same *J. C. for Caskey* all the uses, purposes, and considerations therein set forth, and that he wished not to retract the same." The defect urged arises out of the expression "J. C. for Caskey." We think that the name "J. C. Caskey" was surplusage, and should be so treated; that the writing of the word "for" in the connection shown is due to clerical error; and that the certificate is substantially sufficient. The certificate plainly indicates the execution of the instrument, the fact to be ascertained. Monroe v. Arledge, 23 Texas, 480. Plaintiff pleaded as one link in her chain of title a deed from J. C. Caskey and his wife Adaline Caskey to Samuel P. Jackson. Appellant insists that the certificate of acknowledgment attached to this deed is, as to Adaline Caskey, defective, because while the certificate is formal in every other respect,

the word "her" is omitted before the words "act and deed," thus: * * * "the said Adaline Caskey acknowledged such instrument to be —— act and deed, and that she had willingly signed the same for the purposes and considerations therein expressed, and that she did not wish to retract it."

We are of opinion that the acknowledgment "that she (Adaline Caskey) had willingly signed the same," etc., read with reference to the previously mentioned act and deed, shows that the latter is the act and deed of Mrs. Adaline Caskey. The certificate shows substantially that Mrs. Caskey, by her privy examination, acknowledged the deed as her act. The objection to the deed was properly overruled. Belcher v. Weaver, 46 Texas, 294; Solyer v. Romanet, 52 Texas, 567; Coombes v. Thomas, 57 Texas, 322.

The judgment should be affirmed.

*Affirmed.*

Adopted October 27, 1891.

Judge FISHER, being disqualified, did not sit in this case.