## CLARE M. RORK V. BERNARD S. SHIELDS ET AL.

### Delivered June 26, 1897.

**1. Practice on Appeal—Assignment of Error.**

An assignment of error, that the trial court erred in refusing to give to the jury. the charge requested by the defendant, will not be considered where the requested charge is not set out, and the record shows requested charges upon nearly every issue in the case.

**2. Notice—Bona Fide Purchaser—Record of Deeds.**

Where, at the time a subsequent purchaser buys, there is on record a deed of the property from his grantor, and other mesne conveyances down to the adverse claimant, the record is sufficient to charge him with notice, although one of such mesne conveyances is defectively recorded because of an imperfect certificate of acknowledgment.

**3. Same—Defective Certificate of Acknowledgment.**

A certificate of acknowledgment reciting that the grantors appeared before the officer and acknowledged that ——— executed the deed, is insufficient. Following Huff v. Webb, 64 Texas, 284.

APPEAL from Dallas. Tried below before Hon. R. E. BURKE.

*Charles Fred Tucker*, for appellant.

*R. D. Coughanour*, for appellee.

LIGHTFOOT, CHIEF JUSTICE.—This suit was brought by appellees against appellant Rork to recover a certain lot in the city of Dallas, known as lot No. 14, in block 31, of the Houston & Texas Central Railroad addition. Defendant, after pleading the general issue, plead specially that he bought the land under general warranty deed from P. J. Burke for $600, and asked that his warrantor be made a party, and in the event of a recovery by plaintiff that defendant have judgment against his warrantor. The case was tried below and judgment was rendered in favor of plaintiff for the lot, and in favor of defendant against Burke, the warrantor, for his purchase money and interest. From this judgment defendant Rork has appealed.

From the testimony, and the verdict and judgment thereon, we conclude, that Bessie Smallwood Shields, wife of plaintiff Bernard S. Shields, is the legal and equitable owner of the land sued for, and that plaintiff below was and is entitled to judgment recovering the same from defendant. That defendant Clare M. Rork bought the same from his codefendant P. J. Burke by warranty deed, as set out in the cross-bill of defendant Rork, for the sum of $600, which was duly paid as therein set out, and at the time therein mentioned, and that defendant Rork was and is entitled to judgment as found by the court below against said Burke for the amount of such purchase money and interest.

1. Appellant's first assignment of error as set out in his brief is as follows: "The court erred in refusing to give to the jury the charge requested by defendant Rork."

The requested charge is not set out in appellant's brief, either in the assignment, the proposition, or statement. In order to find it, we are compelled to look to the record, where we find the requested instructions, not upon any single point, but covering three pages of the record and intended to embrace charges upon every issue in the case. This assignment does not point out any specific error, and can not be considered under the rules.

2. The second assignment presented is as follows: "The court erred in instructing the jury that the registration of the deed from Chard and wife to Harriet J. Simpson, in the record of deeds of Dallas County, was constructive notice of an adverse ownership to a subsequent purchaser, notwithstanding the informality in the certificate of acknowledgment, as shown by defendant Rork's bill of exceptions."

Even if this should be conceded to be erroneous, it is difficult for us to see how it could have injured the appellant. The numerous deeds introduced in evidence by plaintiff showed a connected chain of title from the Houston & Texas Central Railroad Company, through about fourteen different links, down to appellee, Mrs. Shields, every one of such deeds being recorded long before the purchase by appellant. When Burke bought from the railroad company, December 18, 1881, and when appellant Rork bought from Burke, April 24, 1894, they each had record notice that the railroad company had sold to Carrington the lot in controversy, January 13, 1875, which deed was duly recorded; and they also had notice of the recorded deeds from Carrington, through Ludwick, to Chard, and thence on down to appellee by a regular chain of transfers. But if one of the links in the chain of title, viz., the deed from Chard to Simpson, was not duly recorded, still, the appellant, with all of this record notice of this chain of title from the railroad company, the grantor under whom he claims, could not be an innocent bona fide purchaser without notice. Being a junior purchaser, he was bound to take notice of previous recorded conveyances from the grantor under whom he claimed. Jenkins v. Adams, 71 Texas, 1.

This being true, it is immaterial whether he is charged with notice by the record of deed from Chard to Simpson, or by the record of some other deed. The testimony being undisputed, the court could have properly charged that appellant was not an innocent bona fide purchaser, without reference to the deed from Chard and wife to Simpson. In regard to this particular deed, it appears that the plaintiff below offered a certified copy from the records of Dallas County in evidence, which was excluded upon the ground that the certificate of acknowledgment by the husband was defective. The execution of the deed was then proved, and the court admitted the deed and acknowledgment in evidence. The ground of the original exclusion of the deed was this: The certificate of acknowledgment does not show that the husband signed, executed, and delivered the deed. The certificate is as follows:

*"State of Texas, County of* ————: Before me, the undersigned
          Vol. XVI. Civil — 41

authority, personally appeared R. J. Chard and E. S. Chard, his wife, who are to me known, and acknowledged that ———— signed, executed, and delivered the foregoing deed for the purposes and considerations therein specified; and the said E. S. Chard being examined by me privily and apart from her said husband, and having the contents and effects of the foregoing deed fully explained to her by me, she acknowledged the same to be her act and deed, and declared that she signed, executed, and delivered the same of her own free will and accord, without the fear, force, or undue persuasion of her husband, and that she wishes not to retract it.

"Witness my official seal and signature, at my office in the town of Dallas, this 27th day of March, A. D. 1878.

[L. s.]                                    CHARLES FRED TUCKER,
                              "Notary Public, Dallas Co., Texas."

As to the wife, the acknowledgment was without doubt good and sufficient to admit the deed to record, and it appears that it was so recorded. As to the husband, there is a serious question. In the case of Huff v. Webb, 64 Texas, 284, a similar certificate was held by our Supreme Court to be defective. There have been other decisions from which a different conclusion might be inferrred. Durst v. Dougherty, 81 Texas, 650; Butler v. Brown, 77 Texas, 342; Tolbert v. Dull, 70 Texas, 675; Belcher v. Weaver, 46 Texas, 293; Monroe v. Arledge, 23 Texas, 478.

But in view of the fact that the decision in Huff v. Webb, above, was upon the direct question here presented, and that the Supreme Court has never since called in question its ruling in that case, in any decision that we have been able to find, we hold that the certificate of acknowledgment by the husband was defective. Still, this would not prevent the deed from being properly recorded upon the certificate of acknowledgment by the wife, which was in statutory form. In the view we take of the case, it is unnecessary for us to decide the extent of the notice that the record would give when the deed to community property is admitted to registration upon the acknowledgment of the wife alone.

But whether this deed was recorded at all, it is only one link in appellees' long chain of title, all the other links being admitted to be properly recorded, and appellant can not escape notice by such records. Even if the charge of the court was erroneous as to the notice of the deed from Chard and wife to Simpson, it would be harmless, as appellant is clearly charged with notice of the title.

The same question is presented in different form under the fourth assignment of error.

The real issue in the case, as appears from the pleadings and evidence, was the true location on the ground of the lot No. 14 described in plaintiffs' petition, and that issue was determined by the verdict and judgment in favor of appellees. The justice of the case having been reached, and finding no material error, the judgment of the court below is affirmed.

                                                        *Affirmed.*