## STEIN v. BLACKWELL et al.
### No. 951.

Court of Civil Appeals of Texas. Eastland.
March 4, 1932.

L. H. Flewellen, of Ranger, for appellant.

O. F. Chastain, of Longview, for appellees.

LESLIE, J.

This is a suit by Nancy Blackwell, joined by her husband, Jesse Blackwell, and others, to cancel an oil and gas lease theretofore executed by them and others to Geo. K. Finly on three tracts of land situated in Eastland county, Tex. The petition alleges that on February 14, 1930, the Schimmel Production Corporation assigned the lease to H. Stein, the defendant in this suit.

The defendant urged a plea in abatement based on an alleged provision in the lease contract as follows:

"In the event lessor considers that lessee has not complied with all its obligations hereunder, both express and implied, before production has been secured or after production has been secured, lessor shall notify lessee in writing, setting out specifically in what respects lessee has breached this contract. Lessee shall have sixty days after receipt of said notice within which to meet or commence to meet all or any part of the breaches alleged by lessor. The service of said notice shall be precedent to the bringing of any action by lessor on said lease for any cause, and no such action shall be brought until the lapse of sixty days after service of said notice, nor the doing of any acts by lessee aimed to meet all or any of the alleged breaches shall be deemed an admission or presumption that lessee has failed to perform all its obligations hereunder.

"Title to the minerals vested in grantee under this grant shall not end or revert to grantor until there is a complete, absolute and intentional abandonment by grantee of each and all of the purposes expressed or implied of this grant, and every part and parcel of the premises designated in this grant."

Further, in answer to the merits, the defendant urged general demurrer, special ex-

ceptions, and general denial, and set up the matters urged in the plea in abatement as a special defense to the plaintiffs' cause of action.

The trial was before the court and jury. At the conclusion of the testimony the court instructed a verdict for plaintiffs, and the defendant appeals.

■ The appeal is predicated upon ten propositions of law. The eighth proposition assigns error against the admission in evidence of a purported copy of the original lease sought to be canceled. It was offered in an effort to show defendant Stein's ownership of the original lease. The copy was admitted as against the objection that it was not signed and executed by any person, and that the execution of the lease was not established or proved. The original lease contract is not set out, nor the terms thereof alleged, in the plaintiffs' petition. The copy of the instrument introduced in evidence and received as testimony was not signed by any one, and does not purport to have ever had a certificate of acknowledgment attached thereto. It was not a certified copy from any record accompanied by the statutory prerequisites for its admission. Article 3726, R. S., 1925, as amended by the 40th Legislature, 1st Called Session, p. 198, chap. 73, § 1 (Vernon's Ann. Civ. St. art. 3726). As against the objections the court erred in admitting the instrument in evidence. It did not rise to the dignity of pertinent testimony. Further, the ruling of the court admitting it in evidence cannot be sustained upon any agreement between the counsel. If there was such agreement the record is silent as to the same. Proposition 8 must be sustained.

■ The defendant's propositions to the effect that the court erred in overruling his plea in abatement cannot be sustained. The burden was upon the defendant to introduce testimony that the lease contract sought to be canceled contained the foregoing provision as to notice before filing of suit. He seems to have introduced no testimony whatever to that effect, and for proof of such a provision apparently looked to the purported unsigned copy of the original lease above discussed, and to the admission of which as evidence we have sustained appellant's objection. That instrument disposed of under proposition 8 would not be any evidence that the lease sought to be canceled contained the provision relied on in the plea in abatement. The issue raised by the plea in abatement might be good under the authorities of Gulf Production Co. v. Cruse (Tex. Com. App.) 271 S. W. 886; Guffey v. Smith, 237 U. S. 101, 35 S. Ct. 526, 59 L. Ed.

856; Denver Production & Rfg. Co. v. Campbell, 118 Okl. 152, 247 P. 362; and Chapman v. Carlock, 104 Okl. 152, 230 P. 516. But since there was no testimony to support the allegations of that plea it is unnecessary to pass upon the question.

■ General demurrer and special exceptions were urged to the plaintiffs' petition and overruled. Error is assigned to these rulings. The petition is very brief. The first paragraph merely states the names and residences of the parties, and that on the 14th day of February, 1930, said Schimmel Production Corporation assigned to H. Stein an oil and gas lease on three tracts of land which were then particularly described. The petition then states: "Plaintiffs would further show the court that title to all the above described lands are in these plaintiffs, and that they are holding and claiming the same in fee simple; that said oil and gas lease under which H. Stein is claiming has expired by its own terms, being a three-year lease, and is null and void, but defendants refuse to surrender." Then follows the prayer for cancellation, etc.

We think the general demurrer should have been sustained. The plaintiffs' petition discloses that they are in possession of the property and that the oil and gas lease has expired by its own terms. As against the demurrer, taking these allegations to be true, they show that the plaintiffs are in possession of their full rights in the premises, and that there is no necessity for the suit. No default is charged against the defendant. If, as alleged, the plaintiffs own the land in fee simple and an abstract of title showed a perfect chain from the sovereignty of the soil to the plaintiffs, and also contained an oil and gas lease which had expired by its own terms, it would not be considered as showing even a cloud upon the plaintiffs' title.

If the petition be considered one in trespass to try title, it would also be subject to the general demurrer. It sets forth that the plaintiffs are holding and claiming the same in fee simple and does not allege either an actual or constructive eviction on the part of the defendant.

A proper pleading in the instant case would allege, in substance, at least, the provisions of the lease contract sought to be canceled, and the defendant's default with respect thereto, or the facts, if any, from which it would appear that the lease was subject to cancellation.

For the reasons assigned the judgment of the trial court will be reversed and the cause remanded.