**KINGTON et al. v. BELLAMY et al.**

No. 8760.

Court of Civil Appeals of Texas.
San Antonio.

March 16, 1932.

Rehearing Denied June 1, 1932.

E. B. & Howell Ward and Jno. C. North, all of Corpus Christi, for appellants.

Boone & Raymer and Allen V. Davis, all of Corpus Christi, for appellees.

SMITH, J.

W. W. Kington and wife, Minnie, were married in 1916, and divorced in 1925. Prior to and in anticipation of the divorce, the husband and wife agreed upon a property settlement, whereby large properties were conveyed by husband and wife to a trustee, who reconveyed them to Minnie Kington after the divorce, in consummation of the prior agreement. Subsequently Minnie Kington married one Bellamy, her present husband, and Kington married his present wife, Florence Bernice Kington. All parties are nonresidents of Texas.

Prior to his divorce from his first wife, Kington purchased 621.9 acres of land in Nueces county, Tex., taking title in his individual name. This land lay in a solid body, although subdivided into several parcels by reason of the partition among the heirs of an estate, from whom, severally, Kington acquired those parcels.

It was alleged in this suit by Kington that he purchased the land with funds taken exclusively from his own separate estate, and the evidence was apparently conclusive in support of the allegation. It was alleged, and the evidence seemed to establish the fact, that whatever interest, if any, Minnie Kington had in these lands was released to Kington in the property settlement growing out of the divorce.

In 1927 Kington undertook to lease a 73-acre parcel, and a strip of 3.85 acres off the south end of the remaining parcels, to an oil company, for oil and gas purposes. To satisfy its title demands the oil company required Kington to establish his exclusive ownership of said land as against possible claims of Minnie Kington, his then divorced wife, and in compliance with that demand Kington brought suit and recovered a final judgment against Minnie Kington Bellamy establishing his exclusive ownership in said 73-acre and 3.85-acre parcels, and removing any cloud cast upon the title thereto by reason of his former marriage to said Minnie Kington Bellamy. The remaining 545 acres of his total acreage was not included or mentioned or involved in said suit and judgment.

In 1931 Kington filed the present suit against the said Minnie Kington Bellamy to establish his exclusive ownership of the remaining 545 acres out of his total purchase of 621.9 acres, and to remove cloud cast on the title thereto by reason of his former marriage to the said Minnie Kington Bellamy.

In the former suit and in the present suit the facts alleged, the cause of action asserted, and the remedies invoked, were identical. The lands involved in both actions were acquired, under like conditions by appellant during coverture, with moneys alleged by him to have come from the same source, to wit, his separate estate.

Mrs. Bellamy answered in this suit and pleaded that Kington was estopped, by reason of the judgment in the former suit, to assert any title to the remaining acreage; that Kington had split his cause of action, and exhausted the same, in the former suit, in which he recovered as to the two smaller parcels of land.

Mrs. Bellamy further alleged that the property, having been acquired by appellant while she was married to him, became a part of the

community estate, and entitled her to judgment for an undivided one-half interest therein. She recovered accordingly. Mrs. Bellamy's present husband and appellant's present wife joined their respective spouses in the suit, but for the time being their presence may be ignored, for convenience in disposing of the principal questions in the appeal.

Appellee's theory of estoppel, or res adjudicata, is fully expressed in her first proposition of law, as follows: "The land in controversy in this suit and that sued for by appellant W. W. Kington in cause No. 9234 all lying together and constituting one body of land, all being enclosed by one fence and all having been acquired under the same circumstances, in the same manner and at the same time, and held as one body of land, appellant, W. W. Kington's cause of action, if any he had, was a single and indivisible action for the entire body of land and he having split his cause of action, if any he ever had, and sued for a part thereof, he is concluded thereby and the judgment in the former suit is a bar to any subsequent judgment, and the trial court properly instructed the jury to return a verdict in favor of appellees for an undivided one-half interest in the remainder of the land."

Both parties allege, concede, and base their respective causes of action upon the contention, in effect, that the judgment in the former suit finally adjudicated the question of whether the land there involved was the separate property of appellant because purchased by him with his separate funds, or the community property of appellant and appellee because acquired during their coverture. They both concede that by the former judgment that question was resolved against appellee and in favor of appellant, and thereby established that the lands were the separate property of appellant, and that appellee had no interest in the title thereto. They each urge that by that judgment the other is estopped to set up the claim now urged in this suit. The trial judge sustained appellee's plea of estoppel against appellant, but held against appellant's plea of estoppel against appellee, to whom he awarded an undivided one-half interest in the land, upon the theory that the whole property belonged to the community estate of the two. We conclude that the court erred in this disposition of the case.

■ Both appellant and appellee were equally bound by the former adjudication. Freeman, Judg. (4th Ed.) § 159; Lamar County v. Talley (Tex. Civ. App.) 127 S. W. 272; Whiteman v. Whiteman (Tex. Civ. App.) 232 S. W. 888, 889. By that adjudication appellant was vested with the whole title to the land, and appellee was denied any interest therein. Appellee was thereby precluded from again litigating her claim to a community interest in the land, which had been denied her in the former suit. She was estopped by that judgment, to which she was a party, and which she has never sought to set aside through any of the means provided by law therefor.

Certainly the adjudication by which she was divested of any interest in the property could not be given effect in subsequent litigation to vest that interest in her. Gray v. Kauffman, 82 Tex. 65, 17 S. W. 513. She has had her day in court. She lost; she acquiesced in her loss; she has never sought and does not now seek to set aside the adjudication which went against her. She simply ignores its adverse effect upon her, while seeking to deprive her adversary of the benefit conferred upon him by it.

■ The former adjudication was conclusive in divesting appellee of any interest in the property, and in vesting the whole estate therein in appellant. We see no reason why appellant should not have his judgment quieting him in that title against the claim now urged by appellee in the face of the former adverse adjudication. Lee v. Kingsbury, 13 Tex. 68, 62 Am. Dec. 546.

The judgment is reversed, and judgment will be here rendered that the cloud cast upon appellant's title by reason of appellee's claim of a community interest in the property be removed.

Reversed and rendered, at the cost of appellee.