Madelan H. FULLER, Stephen S. Fuller, Dennis A. Fuller, James L. Fuller, Janet Lee Fuller, Lillian S. Shank and James S. Shank, Appellants,

v.

RAINBOW RESOURCES, INC., Appellee.

No. 9568.

Court of Appeals of Texas, Texarkana.

Dec. 15, 1987.

James Hughes, San Antonio, for appellants.

Willis Jarrel, Goodwin, Jarrel & Britain, Tyler, for appellee.

CORNELIUS, Chief Justice.

This is an appeal from a declaratory judgment. Questions to be decided are the legal effect of a clause in an oil and gas lease requiring the lessee to pay additional consideration for the last year of the primary term, and the rights of landowners whose land was leased and included in a producing unit to continue receiving proceeds of production from the unit after the lease on their land terminated. Because we hold that the oil and gas lease did not terminate for failure to timely pay the additional consideration, we do not reach the question concerning the landowners' inter-

est in the production if the lease had terminated.

Madelan Fuller, Lillian Shank and Leona Johnson executed an oil and gas lease covering 152.96 acres of land in Rusk County for a primary term of three years from February 21, 1982. The lessee's interest was later assigned to Rainbow Resources.

The lease is a "paid-up" lease, i.e., it does not contain a drilling clause and does not mention delay rentals. It does contain the following provision, typed onto the printed form.

13. Notwithstanding anything to the contrary, in order to maintain this lease in force and effect beginning February 21, 1984, lessee will pay to lessors as additional consideration $1,000.00.

February 21, 1984, marked the two-year point in the three-year primary term.

Rainbow included the leased land in two pooled units. No well was drilled on the 152.96 acre tract, but wells were drilled on both units prior to February 21, 1984, and there was commercial production from the units prior to February 21, 1984.

Rainbow did not pay the additional consideration by February 21, 1984. In a letter dated August 24, 1984, the appellants here, successors in title to the lessors, notified Rainbow that it had failed to make the $1,000.00 payment, and because of that the lease had terminated. On August 30, 1984, Rainbow offered in writing to pay the $1,000.00. It pointed out in its letter that pursuant to Paragraph 9 of the lease, the lessor is required to notify the lessee of any breach, and the lessee then has sixty days to remedy the breach. Rainbow also attempted to pay the $1,000.00 by a cashier's check sent by letter dated October 19, 1984. Both these offers of payment were refused.

Appellants filed suit seeking, among other things, a judgment declaring that the lease had terminated because of the failure to pay the $1,000.00, and that they now occupied the position of unleased mineral owners in the pooled units and were entitled to their proportionate share of the production, after deduction of drilling and operating expenses.

The district court held that Rainbow's failure to pay $1,000.00 by February 21, 1984, automatically terminated the lease, but held that appellants were not entitled to share in the production from the pooled units after termination of their lease, because they lacked any contractual relationship with Rainbow.

In its cross-appeal, Rainbow maintains that the court erred both in holding that Paragraph 13 of the lease was a clause of limitation and in terminating the lease for its failure to pay the $1,000.00 by February 21, 1984. The court held:

Paragraph 13 of the lease ... is a clause of limitation and the failure of the Defendant to pay ONE THOUSAND DOLLARS ($1,000.00) to the Plaintiffs on February 21, 1984, automatically terminated the lease.

In referring to Paragraph 13 as a "clause of limitation," the district court apparently construed it as an "unless" type of drilling clause. The "unless" clause in an oil and gas lease creates a common law limitation on the estate granted, so that nonpayment of delay rentals under such a clause results in the automatic termination of the lease. *Humble Oil & Refining Co. v. Davis*, 296 S.W. 285, 287 (Tex.Comm'n App.1927, judgm't adopted); *Cox v. Miller*, 184 S.W.2d 323, 327 (Tex.Civ.App.–Eastland 1944, writ ref'd); R. Hemingway, *The Law of Oil and Gas* § 6.3 (1983); 16 Texas L.Rev. 593 (1938).

However, as noted earlier, this lease is a "paid-up" lease which does not contain a drilling clause. *See* 3 E. Kuntz, *Oil and Gas* § 28.6 (1967). Paragraph 13 is not a drilling clause. It contains no reference to drilling activity as an alternative to paying the $1,000.00, and the payment is characterized as additional consideration, not as a delay rental.

The drilling clause is primarily designed to describe the rights of the lessor and lessee during the primary or exploratory term with respect to drilling operations or the payment of rentals in lieu of drilling.

. . . .

... [T]he purpose of the drilling clause is to provide against the implication of an obligation to drill an exploratory well immediately by permitting the lessee to postpone drilling operations within the primary or exploratory term, to compensate the lessor during the period of postponement, and to permit the lessee to withdraw without further liability if he determines that further speculation would be imprudent.

3 E. Kuntz, *Oil and Gas* § 27.1 (1967). The primary term of the lease is a period for development and exploration. As long as the lessee is actively engaged in exploration and development during this period, nothing more should be required. R. Hemingway, *The Law of Oil and Gas* § 6.3 (1983); *see also*, 55 Tex.Jur.3d *Oil and Gas* § 197 (1987). The construction of Paragraph 13 as an "unless" clause would produce the bizarre result of the lease being automatically terminated during the primary term for failure to pay additional consideration when the lessee had not only already begun drilling operations, but had already obtained production. Such a result would defeat the purpose of a drilling clause.

■ Conditions, because of their harshness, are not favorites of the law. In case of doubt as to the correct construction of a clause in a lease, it should be held to be a promise, and not a condition or limitation on the estate. *Henshaw v. Texas Natural Resources Foundation*, 147 Tex. 436, 216 S.W.2d 566 (1949). In our judgment, Paragraph 13 is more in the nature of a promise with a forfeiture provision. The usual forfeiture clause in an oil and gas lease is a promise or covenant to perform some obligation, with a provision for forfeiture on failure to comply. Unlike conditions or limitation clauses, where a failure to comply will automatically terminate the lease, the breach of a forfeiture clause gives the lessor the right to declare and enforce a forfeiture. 4 E. Kuntz, *Oil and Gas* § 53.3 (1972). When such provisions are contained in a lease, they are inserted for some special purpose. *Id.* In this lease, the special purpose served by Paragraph 13

was to obtain additional consideration for the third year of the primary term.

Paragraph 9 of the lease contains a notice clause which is designed to guard against a forfeiture for an inadvertent breach. *See* 4 E. Kuntz, *Oil and Gas* § 53.4 (1972). It requires notice in writing if the lessor considers that the lessee has not complied with all of its obligations under the lease. The lessee then has sixty days within which to remedy the breach. It is undisputed that Rainbow twice offered to pay the $1,000.00 to appellants within sixty days of the August 24 letter notifying them of their failure to pay.

■ The district court held that Paragraph 9 was not applicable to the situation here, obviously because the court construed Paragraph 13 to be an "unless" clause. A general provision in an oil and gas lease for written notice of a breach of contract does not apply to the termination of the lease under an "unless" clause because the lease terminates due to the occurrence of the condition constituting the special limitation, not because of the breach of any promises made by the lessees. *Waggoner & Zeller Oil Company v. Deike*, 508 S.W.2d 163, 166 (Tex.Civ.App.–Austin 1974, writ ref'd n.r.e.); *Guerra v. Chancellor*, 103 S.W.2d 775, 780 (Tex.Civ.App.–San Antonio 1937, writ ref'd); 55 Tex.Jur.3d *Oil and Gas* § 219 (1987). However, as to an "or" type drilling clause or some other promise, as distinguished from a special limitation, a lease may effectively require notice by the lessor to the lessee of the default, followed by a grace period within which the lessee may perform. 3 E. Kuntz, *Oil and Gas* § 31.3 (1967); *see also, Deace v. Stribling*, 142 S.W.2d 564 (Tex.Civ.App.–Austin 1940, no writ).

■ Treating Paragraph 13 as a forfeiture clause, the notice and grace period provisions of Paragraph 9 apply to its requirement of paying $1,000.00 as additional consideration. Paragraph 13 does not specify the date for payment of the $1,000.00. It only provides that the payment should be made in order for the primary term to extend beyond February 21, 1984. Rainbow Resources attempted to pay the

$1,000.00 within sixty days of appellants' written notice, but the offer was refused. Under those circumstances, the lease should not have been terminated.

It is not necessary that we discuss the remaining points of error. The judgment of the district court is reversed and judgment is here rendered that the oil and gas lease did not terminate.