Monroe v. Arledge.

A. T. MONROE v. J. F. ARLEDGE.

Under the Registry Act of 1846, it is not essential to the proper authentication of an instrument of writing, that the acknowledgment of the grantor should state that he had executed it for the "*consideration*" therein mentioned.

The certificate of a notary public, authenticating a deed for registry, is sufficient in form, which says, "witness my hand and *seal*," instead of *official* seal; if it appear that the notarial seal was impressed, and the instrument purport to be a notarial act.

The act to provide for the registry of deeds, passed in 1846, did not repeal the act passed at the same session, creating the office of commissioner of deeds, &c., for Texas.

APPEAL from Houston. Tried below before the Hon. Charles A. Frazer.

This was a suit by the appellant against the appellee. The parties dispensed with a complete transcript of the record, and agreed to a statement of the questions involved in the appeal, for the decision of this court; from which it appeared, that the points stated in the opinion arose, in determining whether the deeds offered in evidence, under the statute which dispenses with the necessity of proof·of execution, where the same have been duly recorded, were, in fact, duly recorded.

There was a verdict and judgment in favor of the defendant, for the costs of suit. The plaintiff filed a motion for a new trial, which was overruled; and the ruling of the court excluding the deed referred to in the opinion, was assigned for error.

*William M. Taylor*, for the appellant.

*W. A. Stuart*, for the appellee.—The act authorising the governor to appoint commissioners to take depositions, &c., was passed May 8th, 1846, (Hart. Dig., Art. 119;) and afterwards, on the 12th of May, 1846, "An Act to provide for the registry of deeds," &c., was passed. (Id. Art. 841.) This last act embraces the names and kinds of officers, both in and *out* of the state,

who are authorised to take acknowledgments of *every* instrument of writing for registration ; and no such officer as " a commissioner of deeds," is mentioned in the act.    (Hart. Dig., Art. 2794.)    *Inclusio unius est exclusio alterius.*

The court ought to have sustained the defendant's objections to the sufficiency of the acknowledgment of the deed, purporting to have been made by H. B. Martin to A. T. Monroe; because it did not appear to have been certified under the hand and *official* seal of the notary taking the same.    (Hart Dig., Art. 2790, 2791, 2792, 2794.)

At common law, to entitle a deed to be read in evidence, it must be proved by one of the subscribing witnesses.    (1 Phillips, Ev. 464, 465; Greenleaf on Ev. § 569.)    The District Court Act, (Hart. Dig., Art. 745,) authorising certain instruments, which have been recorded, to be used as evidence, on the conditions therein stated, is a departure from the common law rule of evidence, and should be strictly construed.    The person, therefore, who would avail himself of its benefits, must comply strictly with the provisions of the statutes conferring them ; and this the appellant has totally failed to do.

ROBERTS, J.—The main questions in this case, arise under the following article of the Registry Act of 1846 :  " That the acknowledgment of an instrument of writing, for the purpose of being recorded, shall be by the grantor, or person who executed the same, appearing before some officer authorised to take such acknowledgment, and stating that he had executed the same, for the *consideration* and purposes therein stated ; and the officer taking such acknowledgment, shall make a certificate thereof, and sign and seal the same with his *seal of office."*    (Hart. Dig., Art. 2790.)

In the authentication of one of the deeds offered in evidence, the word " consideration," contained in this article, was omitted, and on that account the deed was excluded from the jury, as not having been duly authenticated for record.    A literal compliance with the statute is not required, in authenticating instruments

for record; provided there has been a substantial compliance. There must always be such a compliance as meets the object of the requirement in the statute. The object sought to be attained mainly, in the authentication of an instrument for record, is the ascertainment of the fact, that the grantor did execute it. When it is authenticated by the proof of a witness, who saw it executed, it is only necessary for him to state on oath, that he saw the grantor "subscribe the same," without stating anything about the consideration. (Hart. Dig., Art. 2791.) It is not necessary to the validity of a deed, that the real consideration upon which it is made, should be "therein stated;" and indeed such is very often not the case. Nor would an acknowledgment by him for record, in strict compliance with the statute, preclude him from showing, that the consideration and purposes of the deed, were other and different from those therein stated. The material matter, then, embraced in the acknowledgment, is the execution of the deed. In this case, the grantor is shown, by the certificate, to have acknowledged that he executed the deed for the purposes therein stated. The deed itself must import a consideration, if none be expressed; and if one be expressed, it is not material that the one expressed be the one upon which it was actually made. This, then, is a formal part of the certificate, which, for the sake of regularity, should be inserted, but its omission does not invalidate the certificate. We are of opinion, that the court erred in excluding the deed on account of this omission.

Under the same article of the statute, a deed was objected to, as inadmissible in evidence, because the notary public, in making his certificate, said, "witness my hand and seal," instead of, official seal. The court overruled this objection, and, as we think, correctly. The manner in which the objection is made, shows, that the notarial seal was impressed upon the instrument; and that it is as plainly indicated to be his "seal of office," by the expression, his seal, as by that of his official seal. The whole instrument purports to be a notarial, and not a private act; and there could be no pretence, that the seal used was a private seal.

The deed first referred to, was acknowledged before a commissioner of deeds for the state of Texas, appointed for, and resident in the state of California; and it was contended on exceptions, that such commissioner had no authority to take such acknowledgment, because the act creating such officer, and granting this power to him, was passed a few days before the act to provide for the registry of deeds. (Hart. Dig., Art. 119, 843.) To which it may be answered, that both acts were passed at the same session; and also, that one of the acts is special, and the other is general. Under these circumstances, it would require a very plain inconsistency, or contradiction, between the two, to authorize the opinion, that the latter act repealed the former. Such, we think, does not exist in this case. Judgment reversed and cause remanded.

Reversed and remanded.