## ROBERT BELCHER *v.* THOMAS M. WEAVER.

1. MARRIED WOMEN—AUTHENTICATION—SEPARATE ACKNOWLEDGMENT.—The certificate of an officer to the privy examination of a married woman who, with her husband, signs a deed, which certificate recites that the wife acknowledged in her privy examination that she signed the deed "without any bribe, threat, or compulsion" from

her husband, is sufficient, if good in other respects. The words used are construed as equivalent to a declaration by the wife that she signed the deed freely and willingly, and negative the exercise of any improper influence or duress by the husband.

2. SAME—MISTAKE.—The unintentional use of one word for another by an officer in his certificate of the acknowledgment by a married woman to a deed will not affect the certificate, where the mistake obviously appears from an examination of the entire instrument.

3. SAME.—There must be a substantial, though there need not to be a literal, compliance with the terms of the statute; and although words not in the statute are used in the place of others that are, or words in the statute are omitted, yet, if the meaning of the words used is the same, or they represent the same fact, or if the omission of a word or words is immaterial, or can be supplied by a reasonable and fair construction of the whole instrument, the certificate will be held sufficient.

4. APPROVED: Monroe v. Arledge, 23 Tex., 478.

APPEAL from Smith. Tried below before the Hon. M. H. Bonner.

*Robertsons & Herndon,* for appellant.

*Jones & Henry,* for appellee, cited, in support of their position that the certificate was sufficient, Monroe v. Arledge, 23 Tex., 480; Berry v. Donley, 26 Tex., 745; Tubbs v. Gatewood, 26 Ark., 128.

ROBERTS, CHIEF JUSTICE.—The only question in the case, as stated by counsel on both sides, is, did the District Court err in admitting in evidence the deed of a married woman, to which was attached the following certificate:

"THE STATE OF TEXAS,
     *County of Smith.*

"Personally appeared before me, Samuel D. Gibbs, Chief Justice of Smith county, Woody Belcher, party to a deed bearing date November the 29th, 1858, and acknowledged that he, the said Belcher, signed the said deed, for the purposes and considerations therein set forth and expressed, and Ellen Belcher, wife of said Belcher, also a party to said deed,

whose signature, with her mark to the same, being by me, said Gibbs, examined privately and apart from that of her husband, and having the said deed fully explained to her, she, said Ellen Belcher, acknowledged that she signed the said deed without any bribe, threat, or compulsion from that of her husband, and that she does not wish to contract the same. Given under my hand and seal of the County Court of Smith county, at Tyler, this the 29th day of November, 1858.

"SAMUEL D. GIBBS,

"*Chief Justice, Smith Co.*"

The form of the certificate prescribed by the statute is as follows, so far as it relates to the wife:

"Personally appeared ———, wife of ———, parties to a certain deed or writing, bearing date on the —— day of ——, and hereto annexed, and having been examined by me privily and apart from her husband, and having the same fully explained to her, she, the said ———, acknowledged the same to be her act and deed, and declared that she had willingly signed, sealed, and delivered the same, and that she wished not to retract it."

The statute provides that any certificate showing that the requisites of the law have been complied with, shall be as valid as the form here prescribed. The enacting clause, does not use exactly the same terms as those used in the form prescribed. It is, that the wife, "being privily examined by such officer, apart from her husband, shall declare that she did freely and willingly sign and seal the said writing, to be then shown and explained to her, and wishes not to retract it, and shall acknowledge the said deed or writing so again shown to her to be her act; thereupon such judge or notary shall certify such privy examination, acknowledgment, and declaration under his hand and seal," &c.

The word "freely" may be omitted in the certificate, because it is omitted in the form. The word "seal" may be omitted, because when this deed was made a seal was not

necessary. The words "and deed," in connection with "act," may be omitted, because, though in the form, it is not in the same connection in the enacting clause. So the word "delivered" is in one and not in the other. The form does not include that the deed was "shown to her," as contained in the enacting clause of the law.

The substance of what must be stated in the certificate is nominally, at least, divided by the statute into three parts—the privy examination, the acknowledgment, and the declaration. This division, when we come to apply the law in fact, will be found more nominal than real, because the statute does not itself make a perspicuous and distinctive division in specifying the things necessary to be done.

The certificate of the officer should show substantially that the things required by the statute had been done. This might be shown in a certificate, wherein each part is not separately presented, but even rather confusedly intermixed, if, upon a consideration of the whole certificate, it could be seen that they had been done. In other words, what is stated in the certificate is intended as a representation on paper of what was done in the discharge of this duty imposed upon the officer by the law; and although the representation may blend the parts in one, or use language, in making the representation, not technically appropriate, still, if the expressions used in making the representation, as the officer evidently meant them to be used and understood, clearly represent the several things to have been done which the law requires, it will be a sufficient certificate. The form, as given in the statute, is strikingly variant from the enacting clause in the terms used to represent what should be done, as has been shown by a comparison of the two; and if we should examine the words and expressions used in the form and in the enacting clause of the law to arrive at the meaning of the Legislature as to what they intended should be done, certainly, with equal propriety, we should examine the words and expressions of the officer, to arrive at his meaning, however in-

artificially expressed, in his effort to represent on paper what he had done.

The expressions representing the privy examination are complete, excepting some. bad grammar. The declaration that she signed the deed without any bribe, threat, or compulsion from her husband may be regarded as tantamount to her having signed it freely and willingly. Her freedom of action, and willingness to make the deed, has reference to, and is designed to negative any improper influence or duress by the husband. She may regret to part with her property, or she may think the price inadequate, or she may be loath to change her residence, and be unwilling to execute the deed for such purposes, in one sense, while she, from considerations controlling her will, other than any constraint from her husband, may wish earnestly, or even anxiously, to execute the deed. Is it her will, or is she made the unwilling instrument of the husband's will, to execute the deed, is the controlling question under the law. By the word "bribe," the officer most probably meant undue influence, improper inducement, or allurement by the husband, and, in connection with the words "threats or compulsion," sufficiently indicate that she acted freely and willingly, in the execution of the deed, in reference to any improper influence or constraint from her husband.

In the case of Meriam *v.* Harsen, (2 Barb. Ch. Rep., 232,) Chancellor Walworth presented and acted on this construction of the statute of New York; and the Supreme Court of that State, in following it, say, that "if the wife executes without fear or compulsion, she manifestly does it freely, and the object of the statute is fully secured." (Dennis *v.* Tarpenny, 20 Barb. Sup. Ct. R., 376.)

The word "contract," used in the certificate, was evidently used by mistake, in writing it, for the word "retract," as used in the statute. In a case in this court, where a certificate was defective, by leaving out the word "seal," in what should have been the expression, "Given under my hand and seal

of office," it was held, that the omission was evidently acci-
dental, and could be supplied by a construction of the whole
instrument. (Nichols v. Stewart, 15 Tex., 235.) The mis-
take, in this instance, in the unintentional use of one word
for another, is equally obvious, as the omission was in that
case.

The general rule upon this subject is, that there must be a
substantial, though not a literal, compliance with the terms of
the statute, and that, although words not in the statute are
used in the place of others that are, or words in the statute
are omitted, yet, if the meaning of the words used is the
same, or they represent the same fact, or, if the omission of
a word or words is immaterial, or can be supplied by a rea-
sonable and fair construction of the whole instrument, the
certificate will be held sufficient. (Monroe v. Arledge, 23
Tex., 478; Dennis v. Tarpenny, 20 Barb. Sup. Ct. R., 376;
Owen v. Norris, 5 Blackf., (Ind.,) 479; 6 Ib., 476; Pardon v.
Dobesberger, 3 Port., (Ind.,) 389; Gregory's Heirs v. Ford, 5
B. Monr., 481; Langhorne v. Hobson, 4 Leigh, (Va.,) 242.)

There may occasionally be found cases, in which there has
been, in following this rule, a very strict construction of the
words used. (Bogkin v. Rain, 28 Ala., N. S., 332; Ala. L.
I. Co. v. Bogkin, 38 Ala. N. S. Rep., 510.)

It is contemplated by the enacting clause of the statute
that after the deed has been fully explained to her, and she
has declared that she signed it freely and willingly, she
should then acknowledge the deed to be her act. This may
be designed as a means of impressing upon her that she has
not made it her deed, by having it signed previously, but
that she is now doing that which makes it her deed, by
acknowledging it to be her act.

In this certificate, what is termed the declaration and the
acknowledgment are blended together by the expression that
"she, Ellen Belcher, acknowledged that she signed the said
deed, without any bribe, threat, or compulsion from her hus-
band," &c. If we examine the whole instrument, we will

find that the officer, in taking the acknowledgment of the husband, Woody Belcher, used the expression, "the said Belcher signed the said deed." He used the word "signed" instead of the word "executed" which is used in the statute. (Paschal's Dig., art. 5007.) He doubtless did not know the difference in the two words, but regarded them as meaning the same thing, and therefore used the word "signed" in the sense, as he understood it, of "executed." So, too, when he said that the wife acknowledged that she signed the deed and wished not to retract it, he understood himself as conveying the meaning that she acknowledged that she executed the deed. To say that a person signed a deed, would be understood generally by those not versed in legal phraseology as being the same as, that he executed a deed.

In addition to this, the law itself is not entirely free from confusion, not only from the important differences in the language of the enacting clause and the form prescribed, as has been shown, but also, in making nominal divisions in the parts of this transaction, without any well-defined designation of the parts of it consistently adhered to in the enacting clause, and in the form. For, if what is pointed out in the privy examination, and in the declaration, has been fully performed, it might be difficult to perceive that all had not been done which was necessary to include also a substantial acknowledgment of the deed as being her act.

It follows, then, that any artificial distinctions being made for the purpose of showing that one of the nominal parts are not specifically embraced, or that one part is defectively stated, will not avail, if from the evident sense of the whole instrument a reasonable conclusion can be arrived at, that the requisites of the law have been complied with.

We are of opinion that the certificate, though very informal, was sufficient, and that the court did not err in admitting it in evidence.

AFFIRMED.