## J. G. KERR v. JOHN A. MURRELL.

(No. 1142, Op. Book No. 2, p. 38.)

APPEAL from Montague County.   Opinion by WALKER, A. S., J.

§ 890. *Appeal bond from justice's to county court.*   In the last clause of the condition of the bond the word "be" was omitted, the same reading thus: "or shall pay or satisfy the judgment or decree that may —— rendered against the obligors in this bond." *Held*, that this was manifestly a clerical omission, and did not affect the validity of the obligation.   [Belcher v. Weaver, 46 Tex. 298; Nichols v. Stewart, 15 Tex. 235.]

§ 891. *Pleadings in justice's court; oral.*   K. sued M. in justice's court as indorser upon a note.   Upon appeal to the county court, exceptions were sustained to the citation because it did not allege that the principal maker of the note was dead, insolvent or a non-resident of the state.   *Held*, that this was error.   Pleadings in justice's court are not required to be written, but may be oral, and the plaintiff was entitled to prove the necessary facts to entitle him to recover against the defendant, without alleging those facts in a written pleading.   On appeal, the trial is *de novo*, and as the citation was not the plaintiff's case, it was idle to be excepting to it as a pleading. The plaintiff, by his appeal, was not thereby deprived of the benefit of his oral pleadings in the justice's court, nor of his right in the county court to plead orally the facts of his case.

May 6, 1880.                        Reversed and remanded.