CARHART & BRO. v. J. M. KILLOUGH & LEWIS MOORE.

(No. 1206, Op. Book No. 3, p. 467.)

APPEAL from McLennan County. Opinion by WHITE, P. J.

§ **112.** *Limited partnership; extent of parties' liability in.* It is well settled that a creditor who deals with a partnership after he has express notice of an arrangement between the partners by which the liability of one or more of them is limited or qualified, is bound by such arrangement. [Story on Part. § 130; Baxter v. Clark, 4 Iredell (Law), 127.]

§ **113.** *Same; object, etc., of our statute; substantial compliance with.* The primary object of our statute with reference to limited partnerships was to furnish parties a means of giving constructive notice of the arrangement between the partners restricting the liability of some of

them. And in the formation of such limited partnership, if the parties sustantially comply with the terms of the law in executing and acknowledging or proving the certificate, and causing the same to be recorded, and in making and filing the required affidavit and giving notice thereof, in such manner that third parties cannot be misled to their injury, then the full object and purpose of the law has been attained, and mere formal defects in these particulars will not render the limited partner bound for the partnership debts as a general partner. [Pas. Dig. art. 4724; R. S. art. 3442 *et seq.*; Monroe v. Arlege, 23 Tex. 478; Lachomette v. Thomas, 5 Robinson (La.), 172; Parsons on Partnership, 538.]

January 22, 1881.                              Affirmed.