Golta TANDY et al., Appellants,

v.

Charles P. DICKINSON, Appellee.

No. 7264.

Court of Civil Appeals of Texas.

Amarillo.

May 20, 1963.

Archer & Brownlee, Perryton, for appellants.

Underwood, Wilson, Sutton, Heare & Berry, Amarillo, Gene E. Steed, Perryton, for appellee.

CHAPMAN, Justice.

This case originated as a trespass to try title action filed by appellee, Charles P. Dickinson, against Golta Tandy, a widow, and others involving a quarter section of land in Ochiltree County. The evidence was introduced before a duly selected jury. After the evidence was completed all parties through their counsel agreed that the questions involved could better be disposed of by the court without the services of a jury and that the jury should be discharged and all issues determined by the court, which procedure was followed.

Judgment was rendered for plaintiff, Dickinson, and at the request of defendants, Golta Tandy and her two children, Roger C. Tandy and Coralee Foster, surviving widow and children respectively of W. T. Tandy, deceased, Findings of Fact and Conclusions of Law were filed by the court. Appeal is perfected by only the defendants just named.

Appellants have not complied with the requirements for briefing under Rule 418 Vernon's Ann.Rules of Civil Procedure but have set out under "Summary of Argument" a contention which we presume they

intend as a point. Then under "Argument and Authorities" they have set out four abstract propositions of law. We shall, nevertheless, attempt to discuss such questions as they have raised in any form that appeared determinative of the issues involved and the judgment rendered by the court. Under "Summary of Argument" they have asserted in effect that the trial court erred in not adjudging that an instrument introduced into evidence as Defendants' Exhibit I was a valid and binding contract and under it appellants were entitled to an accounting for rents and profits that should have been applied to an indebtedness due the estates of H. E. Hoover and C. C. Patten.

The trial court found that: "Any claim of any of the defendants to the 'land in controversy' is barred by the 10 year statute of limitations as contended in Article 5510 and other articles of Title 91, R.C.S., Texas."

Under the Findings of Fact the trial court found that Esther Patten Dickinson, mother of appellee, Charles P. Dickinson, took complete possession of the land in controversy on May 14, 1948, claiming ownership through a gift of three-eighths (⅜) interest from her mother, a deed to three-eighths (⅜) interest (less some mineral reservation) from Mae W. Patten, Esther Mae Mekeel, and Leland F. Mekeel, and a deed from the widow and children of H. E. Hoover, deceased, purporting to convey a one-fourth (¼) interest (less a one-thirty second (1/32) royalty interest).

■ The court also found as facts that Esther Patten Dickinson held peaceable and adverse possession of the land, either personally or through tenant, cultivating, using, and enjoying the same from May 14, 1948, until she gave the land to her son, appellee, by deed of gift on June 3, 1957; that appellee went into immediate possession by virtue of the gift and has held peaceable and adverse possession of the land, either in person or through tenant, cultivating, using, and enjoying the same

until the filing of this suit on June 24, 1959; and that Esther Patten Dickinson and Charles P. Dickinson together have successively and without interruption and with privity of estate between them held (as defined in Articles 5514, 5515, and 5516) for more than 10 years prior to the institution of this suit peaceable and adverse possession of the land in controversy, save and except those mineral or royalty interests stipulated by the plaintiff, Charles P. Dickinson, as belonging to certain of the defendants, and that during all such time they have cultivated, used, and enjoyed the same.

We deem it unnecessary to quote all the testimony substantiating the court's findings of fact just related. Suffice it to say, the testimony is amply sufficient to support the findings.

As a bar to recovery under such findings and conclusions defendants assert the instrument variously referred to as a "declaration of trust", "trust indenture", and "deed of indenture", and which we will hereinafter refer to as Defendants' Exhibit I, precluded the running of the statute since its filing in Ochiltree County on April 27, 1945.

■ For a number of reasons we do not believe the instrument is effective to reduce or defeat appellee's title. In the first place, there is no probative evidence of any legal title in H. E. Hoover on which the interest asserted by appellants could be based. If it could be said that he acquired any title to the land in controversy through a deed of August 30, 1933, from W. E. Tandy, all that interest was deeded away by him to the four Tandy girls on October 10, 1933. Defendants' Exhibit I was executed on April 26, 1934, and according to the record before us any interest W. E. Tandy had ever owned in the property in controversy was then owned by the four Tandy girls. Therefore, W. E. Tandy had no interest to convey, either legally or in trust.

Additionally, the fact that Defendants' Exhibit I had been filed of record did not

constitute constructive notice to appellee and his predecessor in title because it was not acknowledged and was not such an instrument as to authorize it to be recorded. Article 6626 Vernon's Ann.Civ.St.

■■■ It has been textually stated that: "An instrument which is not acknowledged or proved for record as required by law is not entitled to be recorded." 36 T.J. 439, Section 31. If it is recorded, the record is not constructive notice. Farmers Mut. Royalty Syndicate v. Isaacks, Tex.Civ.App., 138 S.W.2d 228. There is not any probative evidence that appellee or his predecessor in title had actual notice. Appellee testified positively that he had no notice of the existence of Defendants' Exhibit I until the trial of the case. In so far as the record here is concerned, the appellants never advised appellee or his mother of the existence of the instrument. Additionally, both her son, while a minor, and her son-in-law rented the land from Mrs. Dickinson, with appellee acting as his mother's agent and Mrs. Golta Tandy herself attorned to Mrs. Dickinson as owner during the limitation period by the payment of rent for grass and stubble land for grazing about 1951 or 1952. She admitted from the witness stand that she never at any time made any claim to appellee or his mother until the trial of this case, though she lived on the same section during part of the time. The trial court found as a fact that Charles P. Dickinson had no notice either actual or constructive of any claim being made by W. E. Tandy or any of the defendants and that there is not sufficient evidence that Esther Patten Dickinson, prior or during the time she claimed the land, had any notice, either actual or constructive, of any claim being made by W. E. Tandy or any of the defendants by virtue of Defendants' Exhibit I. He also found that no claim was ever made to the land in controversy by any of the defendants, or anyone acting for them, prior to the filing of this suit other than that of tenant. None of these findings have been challenged by a proper point nor have "specified further, additional, or amended findings been requested" under Rule 298 V.A.T.R.

In addition to the court's conclusions that any claim of the defendants was barred by the 10-year statute of limitations as contained in Article 5510 and other articles of Title 91, Vernon's Ann.Civ.St., he also concluded that defendants were equitably estopped from claiming title by virtue of Defendants' Exhibit I "which was executed more than 26 years prior to any positive action by the said defendants." He also found appellants were barred by the 5-year statute of limitations.

We believe the findings of fact and conclusions of law concerning the 10-year limitation question is decisive in the case and cannot see that any purpose would be served by writing on the other questions. Accordingly, the judgment of the trial court is in all things affirmed.