**Reverse and Remand; Opinion Filed November 26, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-01412-CV

**WHOA USA, INC., Appellant**
**V.**
**REGAN PROPERTIES, LLC, Appellee/Cross-Appellant**
**V.**
**KURT DYKEMA, Cross-Appellee**

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-04211-2011**

# MEMORANDUM OPINION
Before Justices Bridges, Lang, and Evans
Opinion by Justice Lang

Appellant, Whoa USA, Inc. ("Whoa"), appeals from a summary judgment declaring that

appellee and cross-appellant, Regan Properties, LLC ("Regan"), has "proper, exclusive title to

the residential property located at 2701 Wickham Court, Plano, Texas 75093." In two issues on

appeal, Whoa contends Regan was not entitled to summary judgment because (1) the deed

conveying Whoa title to the property was properly acknowledged and recorded before the deed

under which Regan claims title, and (2) Regan failed to conclusively prove the elements of its

bona fide purchaser defense. Regan filed a "conditional notice of cross-appeal" from the trial

court's judgment in favor of cross-appellee, Kurt Dykema ("Dykema"), on Regan's third party

claims. In its single "conditional cross issue," Regan contends the trial court's judgment in favor

of Dykema was based solely on the summary judgment declaring Regan has "proper, exclusive

title to the residential property," so it is requested by Regan that in the event we reverse the trial court's summary judgment, we also reverse the trial court's judgment in favor of Dykema.

For the reasons stated below, we decide against Whoa on its first issue. Because a genuine issue of material fact precludes Regan's entitlement to summary judgment, we decide in favor of Whoa on its second issue. We reverse the summary judgment against Whoa and in Regan's favor. Because judgment in favor of Dykema on Regan's "contingent claims" was based solely on the summary judgment in Regan's favor and against Whoa, we reverse the judgment in Dykema's favor and against Regan. We remand this case in its entirety to the trial court for proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The subject of this litigation is a residential property located on Wickham Court in Plano, Texas. Much of the factual context of this case is found in the affidavit of Quang Dangtran ("Dangtran") filed by Whoa in opposition to Regan's motion for summary judgment. That affidavit was not objected to by Regan, nor was any evidence offered in reply to it.

The summary judgment record reflects that on October 30, 2007, Dangtran, acting for LTA & Associates, LLC ("LTA"), purchased the subject property. Shortly thereafter, Dangtran and his wife at the time, Tuyet Anh Le ("Le"), began living at the property. In "the late winter or early spring of 2008," Le moved back to California. Dangtran continued to live in the house until "late September or early October, 2011," when he was evicted as a result of a judgment in a justice of the peace court action brought by Regan.

Dangtran executed a general warranty deed dated June 1, 2010, transferring the property from LTA to the appellant, Whoa ("Whoa Deed"). The Whoa Deed was acknowledged before a notary public on June 28, 2010, and filed for record in the Collin County clerk's office the same day.

On or about June 25, 2010, Dangtran discovered a representative from Capital Title inspecting the property. Dangtran contacted Capital Title, learned that an escrow agent was "handling a real estate transaction" for the property, but was unable to learn the identity of the parties. According to Dangtran, he informed the escrow agent that he was "the sole person with actual authority who could transfer ownership" and he "had not authorized any real estate transaction involving the subject property."

According to the record, Le executed a general warranty deed dated June 30, 2010, transferring the property from LTA to herself, individually ("Le Deed"). The instrument was acknowledged before a notary public on June 30, 2010, and filed for record in the Collin County clerk's office on July 13, 2010. Le borrowed $150,000 from DHLC Mortgage LLC ("DHLC") and secured the note by a deed of trust on the property. The deed of trust was dated June 30, 2010 ("the Le DOT"). Le executed the deed of trust as "a single woman," and it was filed for record in the Collin County clerk's office on July 14, 2010.

It is alleged that Le failed to pay the note when it matured on July 1, 2011, and on July 22, 2011, DHLC assigned the note and the Le DOT to the cross-appellee, Dykema. Dykema proceeded with foreclosure, and Regan purchased the property at a trustee's sale on August 2, 2011. Then, as indicated above, Regan brought a forcible entry and detainer action in the justice of the peace court that resulted in the eviction of Dangtran from the property.

On October 5, 2011, Whoa brought this action against Regan seeking a declaratory judgment that the Le DOT was invalid and that "all other deeds or foreclosure actions subsequently executed or held based on the invalid Deed of Trust" were also invalid. Regan filed an original answer, a first amended counterclaim against Whoa, seeking a declaration that Regan had clear title to the property, and a second amended third party petition, asserting "contingent actions" against Dykema for money had and received, unjust enrichment, and fraud.

Proceeding forward, Regan filed its amended third motion for summary judgment on traditional grounds contending that the Whoa Deed was "not properly recorded under the Texas Property Code because it failed to include a proper jurat or a statutorily compliant acknowledgment." In that summary judgment motion, Regan contended the Whoa Deed "failed to give any notice [of the conveyance] to any third party," so the Le Deed was "properly recorded first," and the "subsequent foreclosure and auction of [the property] was valid." Alternatively, Regan claimed it held equitable title as a bona fide purchaser. Dykema proceeded by filing a "motion joining" Regan's amended third motion for summary judgment alleging that DHLC and Dykema, as DHLC's successor by assignment, were bona fide lenders, and "Dykema has no liability, derivative or otherwise to Regan."

The trial court rendered judgment that provided the following: (1) judgment on Regan's counterclaims against Whoa, awarding Regan "proper, exclusive title" to the property; (2) judgment that Whoa "take nothing" on its claims against Regan; (3) judgment against Whoa in Regan's favor for reasonable and necessary attorney's fees, and (4) judgment that Regan "take nothing" on its third party "contingent claims" against Dykema.

After Whoa filed its notice of appeal, Regan filed a "conditional notice of appeal" from the judgment in favor of Dykema on Regan's third party claims. Dykema was served with Regan's "conditional notice of appeal" and a copy of Regan's brief filed with this Court. However, Dykema did not appear in this Court.

## II. SUMMARY JUDGMENT

### A. *Standard of Review*

We review a summary judgment de novo. *Mid-Century Ins. Co. v. Ademaj*, 243 S.W.3d 618, 621 (Tex. 2007). "When we review a traditional summary judgment in favor of a defendant, we determine whether the defendant conclusively disproved an element of the

–4–

plaintiff's claim or conclusively proved every element of an affirmative defense." *Smith v. Deneve*, 285 S.W.3d 904, 909 (Tex. App.—Dallas 2009, no pet.) (citing *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997)). "A matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence." *In re Estate of Hendler*, 316 S.W.3d 703, 707 (Tex. App.—Dallas 2010, no pet.) (quoting *W.H.V., Inc. v. Assocs. Hous. Fin., LLC*, 43 S.W.3d 83, 87 (Tex. App.—Dallas 2001, pet. denied)). We must take evidence favorable to the nonmovant as true, and we must indulge every reasonable inference and resolve every doubt in favor of the nonmovant. *Smith*, 285 S.W.3d at 909.

### B. Validity of the Whoa Deed's Acknowledgment

Whoa contends that the Whoa Deed was properly acknowledged and filed for record before the Le Deed. Accordingly, Whoa claims the Le DOT and the subsequent transfers to DHLC, Dykema, and Regan are invalid. Regan responds asserting the Whoa Deed was not acknowledged as required by law, so the Le Deed, having been properly acknowledged and recorded, "supersedes the attempted conveyance to [Whoa]."

### 1. Applicable Law

"A conveyance of an interest in real property must be in writing, signed by the grantor, and delivered to the grantee." *Adams v. First Nat. Bank of Bells/Savoy*, 154 S.W.3d 859, 869 (Tex. App.—Dallas 2005, no pet.) (citing TEX. PROP. CODE ANN. § 5.021 (West 2011)). "A deed does not have to be recorded to convey title." *Id.* However, "[a]n instrument that is properly recorded in the proper county is notice to all persons of the existence of the instrument." TEX. PROP. CODE ANN. § 13.002. "Recorded instruments in a grantee's chain of title generally establish an irrebuttable presumption of notice." *Noble Mortg. & Invs., LLC v. D & M Vision Invs., LLC*, 340 S.W.3d 65, 76 (Tex. App.—Houston [1st] 2011, no pet.) (citing *Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615, 617 (Tex. 2007)).

–5–

The Texas Property Code provides for the recording of "instruments concerning property" as follows:

> (a) An instrument concerning real or personal property may be recorded if it has been acknowledged, sworn to with a proper jurat, or proved according to law.
>
> (b) An instrument conveying real property may not be recorded unless it is signed and acknowledged or sworn to by the grantor in the presence of two or more credible subscribing witnesses or acknowledged or sworn to before and certified by an officer authorized to take acknowledgements or oaths, as applicable.

TEX. PROP. CODE ANN. § 12.001(a), (b). "An instrument which is not acknowledged or proved for record as required by law is not entitled to be recorded." *Tandy v. Dickinson*, 371 S.W.2d 81, 83 (Tex. Civ. App.—Amarillo 1963, no writ); *see also id.* § 11.001(a) ("To be effectively recorded, an instrument relating to real property must be eligible for recording and must be recorded in the county in which a part of the property is located."); *Hayden v. Moffat*, 12 S.W. 820, 821 (1889).

Chapter 121 of the Texas Civil Practice and Remedies Code governs acknowledgments and proof of written instruments in Texas. *See generally* TEX. CIV. PRAC. & REM. CODE. ANN. §§ 121.001-.015 (West 2011). In the case of a corporation, "acknowledged" means "the corporate officer or agent personally appeared before the officer taking the acknowledgment and that the corporate officer or agent acknowledged executing the instrument in the capacity stated, as the act of the corporation, for the purposes and consideration expressed in it." *Id.* § 121.006(b)(4).

Section 121.007 identifies the "form of an ordinary certificate of acknowledgment" and states that an "ordinary" acknowledgment "must be substantially as [set forth therein]." *Id.* § 121.007. In certain circumstances, an "ordinary" acknowledgment that does not utilize the precise language expressed in section 121.007 may nevertheless be held sufficient if it is in

"substantial compliance" with the statute.[1]  *E.g.*, *Hill v. Foster*, 186 S.W.2d 343, 345 (Tex. 1945) ("A substantial compliance with the statute will be sufficient, if it contains language which possesses the same meaning or represents the same facts."); *Sheldon v. Farinacci*, 535 S.W.2d 938, 941-42 (Tex. Civ. App.—San Antonio 1976, no writ) (stating "no exact form or words [are] required," and that an acknowledgment is "valid so long as it shows that all essential prerequisites were in fact complied with").

Section 121.008 provides the "statutory forms of acknowledgment," which are "short forms" of the certificate of acknowledgment that "may be used as alternatives to other authorized forms."  TEX. CIV. PRAC. & REM. CODE. ANN. § 121.008(a).  Subsection (b) lists the authorized "short forms" for, among other entities, individuals and corporations.

(1) For a natural person acting in his own right:

State of Texas
County of _____

This instrument was acknowledged before me on (date) by (name or names of person or persons acknowledging).

(Signature of officer)
(Title of officer)
My commission expires:
_____

. . .

(4) For a corporation:

State of Texas
County of _____

This instrument was acknowledged before me on (date) by (name of officer), (title of officer) of (name of corporation acknowledging) a (state of incorporation) corporation, on behalf of said corporation.

(Signature of officer)

---

[1] "'The general rule upon this subject is that there must be a substantial, though not a literal, compliance with the terms of the statute, and that, although words not in the statute are used in the place of others that are, or words in the statute are omitted, yet, if the meaning of the words used is the same, or they represent the same fact, or, if the omission of a word or words is immaterial, or can be supplied by a reasonable and fair construction of the whole instrument, the certificate will be held sufficient.'"  *Spivy v. March*, 151 S.W. 1037, 1039 (Tex. 1912) (quoting *Belcher v. Weaver*, 46 Tex. 293, 298 (1876)).

(Title of officer)
My commission expires:
_____

*Id.* § 121.008(b)(1), (4).

*2. Application of Law to Facts*

Citing section 121.008 of the Civil Practices and Remedies Code, Whoa contends that the acknowledgment on the Whoa Deed "substantially complies with the statutory forms of acknowledgment." Regan argues, citing sections 121.007 and 121.008, that the acknowledgment "failed to comply with the ordinary form or short form as required by statute."

The acknowledgment on the Whoa Deed states, "[t]his instrument was acknowledged before me on June 28, 2010 by Quang Dangtran." Whoa recognizes that the acknowledgment on the Whoa Deed "is identical to" the "short form" in section 121.008(b)(1) for "a natural person acting in his own right." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 121.008(b)(1). A corporate acknowledgment using the "short form" requires more information than the "short form" for a natural person acting in his own right. *Compare id.* § 121.008(b)(1) (requiring the form for a natural person acting in his own right to include the date and name of the person acknowledging), *with id.* § 121.008(b)(4) (requiring the form for a corporation to include the date, the name of the officer, the title of the officer, the name of the corporation acknowledging, and its state of incorporation). However, the grantor on the Whoa Deed, LTA, is an "LLC," and the certificate on the Whoa Deed does not include Dangtran's corporate title, the corporation's name, or the state of incorporation, as is specified by section 121.008(b)(4). *See id.* § 121.008(b)(4).

Whoa argues the acknowledgment in its deed "substantially complies" with section 121.008(b)(4) for corporations because, except for the state of incorporation, the missing information is supplied by the Whoa Deed. Regan disagrees and raises three points in response: (1) neither the acknowledgment nor the Whoa Deed includes the state of incorporation; (2) the

statute expressly requires the information to be included in the acknowledgment, and inclusion in the instrument itself is not sufficient; and (3) unlike section 121.007, governing the "ordinary" form of acknowledgments, section 121.008 does not provide for "substantial compliance" with its provisions. In its reply brief, Whoa contends "Regan waived any right to summary judgment based upon lack of the state of incorporation in the [acknowledgement], or the Whoa Deed, because it purposely did not raise it below as a ground for summary judgment."

We cannot agree that Regan waived the contention that the acknowledgement was deficient for failing to include the state of incorporation. Under the Rules of Civil Procedure, "[t]he motion for summary judgment shall state the specific grounds therefor." TEX. R. CIV. PRO. 166a(c). "'Grounds may be stated concisely, without detail and argument. But they must at least be listed in the motion.'" *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 340 (Tex. 1993) (quoting *Roberts v. Sw. Tex. Methodist Hosp.*, 811 S.W.2d 141, 146 (Tex. App.— San Antonio 1991, writ denied)). In Regan's motion for summary judgment, under the heading "GROUNDS FOR SUMMARY JUDGMENT," Regan alleged that the Whoa Deed was not properly recorded "because it failed to include a proper jurat or *a statutorily compliant acknowledgment*." Regan's motion cited section 121.008 as an authority and quoted the statutory form of acknowledgment for corporations.

Moving to the merits, we recognize that in assessing the compliance of an "ordinary" acknowledgment under section 121.007, it is well settled that "there must be a substantial, though not a literal, compliance with the terms of the statute." *Hill*, 186 S.W.2d at 345; *accord* TEX. CIV. PRAC. & REM. CODE ANN. § 121.007 ("The form of an ordinary certificate of acknowledgment must be *substantially* as follows . . . ." (emphasis added)); *Spivy*, 151 S.W. at

–9–

1039.  However, Whoa does not cite any controlling authority,[2] and we have found none, supporting its contention that the "substantial compliance" standard also applies to the statutory "short forms" of acknowledgment in section 121.008.

Whoa cites *Monroe v. Arledge*, 23 Tex. 478, 479-80 (1859), to support its contention that the failure to include the state of incorporation of the grantor in the acknowledgment or deed is "not fatal" to the acknowledgment.  However, the holding in *Monroe* is inapposite.  In *Monroe*, the Supreme Court held that the omission of the word "consideration" from the statutorily required phrase "he executed the [instrument], for the consideration and purposes therein stated" did not "invalidate" the acknowledgment.  *Monroe*, 23 Tex. at 479-80.  The Supreme Court decided that substantial compliance is such that "meets the object of the requirement in the statute" and that "the object" of the acknowledgment requirement in the recording statute "is the ascertainment of the fact, that the grantor did execute it."  *Id.* at 480.  That Court reasoned the word "consideration" was "a formal part of the certificate, which, for the sake of regularity, should be inserted, but its omission does not invalidate the certificate."  *Id.*

We need not decide whether the statutory "short forms" of acknowledgment require strict or substantial compliance because the acknowledgment on the Whoa Deed fails to comply with section 121.008(b) under either standard.  In the case before us, the state of incorporation is not, what the *Monroe* Court called, a "formal part of the certificate."  *See id.*  Rather, it is an element required by statute to be included in the corporate "short form" of acknowledgment.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 121.008(b)(4).

---

[2] Whoa cites *Wortham v. Otis Elevator Co.*, No. 05-99-00437, 2000 WL 688605, at *3 (Tex. App.—Dallas May 25, 2000, no pet.) (not designated for publication).  In *Wortham*, the appellant contended that an affidavit offered in support of appellee's motion for summary judgment was fatally defective because the acknowledgment did not state how the affiant was identified by the notary as required by sections 121.005 and 121.007.  *Wortham*, 2000 WL 688605, at *3.  This Court concluded that the acknowledgment "substantially complie[d] with section 121.008 of the civil practices and remedies code as a permissible 'short form' certificate of acknowledgment."  *Id.*  *But see Govant v. Houston Cmty. Coll. Sys.*, 72 S.W.3d 69, 72-73 (Tex. App.—Houston [14th] 2002, no pet.) (concluding that sections 121.005 and 121.007 "govern acknowledgments of written instruments, not affidavits" when appellant contended that appellee's affidavits were defective because the acknowledgments failed to state how the notary identified the affiant).

The "short forms" of acknowledgment are abbreviated and eliminate some of the traditional requirements for acknowledgments. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 121.005, 121.007-.008. The acknowledgment on the Whoa Deed, which follows the "short form" for a "natural person" pursuant to section 121.008(b)(1), omits the title of the officer, the name of the acknowledging corporation, and the state of incorporation. That two of the three missing requirements can be found in the Whoa Deed itself, does not excuse the absence of the last remaining requirement even under the substantial compliance standard. *See City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003) ("We read the statute as a whole and interpret it so as to give effect to every part."); *Hill*, 186 S.W.2d at 345; *Salmon v. Huff*, 15 S.W. 1047, 1047 (Tex. 1891) ("The [acknowledgment] need not be in the exact form prescribed by the statute, but must contain its substance.").

Although actually filed for record, because the Whoa Deed was not properly acknowledged, it was not "eligible for recording" and was not "effectively recorded." *See* TEX. PROP. CODE. ANN. § 11.001(a) ("To be effectively recorded, an instrument relating to real property must be eligible for recording . . . ."); *see also* TEX. PROP. CODE. ANN. § 12.001(b); *Hayden*, 12 S.W. at 821 ("If the certificate of acknowledgment does not state the facts essential to the conveyance, the registration of the instrument is illegal . . . ."); *Tandy*, 371 S.W.2d at 83. We decide Whoa's first issue against it.

### C. Regan's Bona Fide Purchaser Defense

In Whoa's second issue, it contends Regan was not entitled to summary judgment because Whoa raised a genuine issue of material fact regarding whether Regan and its predecessors in interest had, at least, constructive notice of Whoa's claim. Hence, Whoa contends Regan failed to conclusively establish the elements of its bona fide purchaser defense.

–11–

*1. Applicable Law*

A bona fide purchaser is "[a] person who acquires property in good faith, for value, and without notice of any third-party claim or interest." *Fletcher v. Minton*, 217 S.W.3d 755, 758 (Tex. App.—Dallas 2007, no pet.). "Status as a bona fide purchaser is an affirmative defense to a title dispute." *Madison v. Gordon*, 39 S.W.3d 604, 506 (Tex. 2001). "In Texas, a bona fide purchaser prevails over a holder of a prior unrecorded deed or other unrecorded interest in the same property." *Noble Mortg. & Invs., LLC*, 340 S.W.3d at 75. "Notice will defeat the protection otherwise afforded a bona fide purchaser." *Fletcher*, 217 S.W.3d at 758. "Notice may be constructive or actual. Actual notice rests on personal information or knowledge. Constructive notice is notice the law imputes to a person not having personal information or knowledge." *Madison*, 39 S.W.3d at 606 (internal citations omitted). "Generally, the question of whether a party has notice is a question of fact." *Nguyen v. Chapa*, 305 S.W.3d 316, 323 (Tex. App.—Houston [14th] 2009, pet. denied) (citing *O'Ferral v. Coolidge*, 228 S.W.2d 146, 148 (Tex. 1950)); *see also* TEX. PROP. CODE ANN. § 13.001(a), (b).[3]

"'Actual notice' literally means express or positive personal information or knowledge directly communicated to the person to be affected." *Flack v. First Nat'l Bank of Dalhart*, 226 S.W.2d 628, 631 (Tex. 1950). "In a more comprehensive sense, the term also embraces knowledge of all those facts which reasonable inquiry would have disclosed, the duty of inquiry extending only to matters that are fairly suggested by the facts really known." *Id.* "[I]f [a subsequent purchaser of property] had knowledge of any fact or circumstance sufficient to put a

---

[3] The Texas Property Code, section 13.001, "Validity of Unrecorded Instruments," provides in part:

(a) A conveyance of real property or an interest in real property or a mortgage or deed of trust is void as to a creditor or to a subsequent purchaser for a valuable consideration without notice unless the instrument has been acknowledged, sworn to, or proved and filed for record as required by law.

(b) The unrecorded instrument is binding on a party to the instrument, on the party's heirs, and on a subsequent purchaser who does not pay a valuable consideration or who has notice of the instrument.

TEX. PROP. CODE ANN. § 13.001(a), (b).

prudent man upon inquiry which, if prosecuted with ordinary diligence, would lead to actual notice of [the adverse claim], [the subsequent purchaser] [is] charged with such knowledge." *Nguyen*, 305 S.W.3d at 325.

"Constructive notice creates an irrebuttable presumption of actual notice in some circumstances." *Noble Mortg. & Invs., LLC*, 340 S.W.3d at 76. For example, "[r]ecorded instruments in a grantee's chain of title generally establish an irrebuttable presumption of notice." *Id.*; *see* TEX. PROP. CODE ANN. § 13.002 ("An instrument that is properly recorded in the proper county is notice to all persons of the existence of the instrument."). However, "a document filed for record without statutory authorization does not impart constructive notice to third parties." *Countrywide Home Loans, Inc. v. Howard*, 240 S.W.3d 1, 4 (Tex. App.—Austin 2007, pet. denied); *see* TEX. PROP. CODE ANN. § 13.001(a); *Hayden*, 12 S.W. at 821.

A purchaser of real property "may be charged with constructive notice of an occupant's claims." *Madison*, 39 S.W.3d at 606. "This implied-notice doctrine applies if a court determines that the purchaser has a duty to ascertain the rights of a third-party possessor. When this duty arises, the purchaser is charged with constructive notice of all the occupant's claims the purchaser might have reasonably discovered upon proper inquiry." *Id.* (internal citations omitted). The "duty to ascertain the rights of a third-party possessor" arises "only if the occupant's possession is visible, open, exclusive, and unequivocal." *Id.*; *Apex Fin. Corp. v. Garza*, 155 S.W.3d 230, 234 (Tex. App.—Dallas 2004, pet. denied).

The general rule describing the "character of possession" that constitutes constructive notice, is that the possession "must consist of open, visible, and unequivocal acts of occupancy in their nature referable to exclusive dominion over the property, sufficient upon observation to put an intending purchaser on inquiry as to the rights of such possessor." *Strong v. Strong*, 98 S.W.2d 346, 350 (Tex. 1936). Several cases subsequent to *Strong* provide more definitive

guidance.  In *Madison*, the Supreme Court held that possession as a tenant in one unit of a four-plex rental property was not sufficiently exclusive or unequivocal to provide constructive notice of the tenant's ownership claim.  *Madison*, 39 S.W.3d at 607.  That Court noted several earlier cases that "seemingly support [the] position that possession alone gives rise to constructive notice."  *Id.*  The *Madison* Court did not "question the ultimate outcome in these cases," but it distinguished the earlier cases stating, "in each of these cases, the occupant lived in a single-unit dwelling. Arguably, this sole possession of property implicates visibility, openness, exclusivity, and unequivocality."  *Id.*  In *Bell v. Smith*, one of the earlier cases noted by the *Madison* Court, it was held that the appellant, the subsequent purchaser of a house, was not a bona fide purchaser because the appellant's "deed was obtained by her at a time when [the appellee] was in actual possession of the property."  *Bell v. Smith*, 532 S.W.2d 680, 686 (Tex. Civ. App.—Fort Worth 1976, no writ).  The *Bell* Court determined that the appellant had constructive notice of "all the rights and title" of the appellee because the appellee "was then living in [the house] as her home and continued in possession of it until [the] case was tried."  *Id.*

### 2. Application of Law to Facts

Regan asserts that it is a bona fide purchaser "by virtue of purchasing Dykema's interest in the property."  Anticipating Whoa's response, Regan contends that although the Whoa Deed was in fact recorded, it "failed to give any notice to any third party" because the Whoa Deed was not acknowledged as required by law.  Whoa does not respond to Regan's contention that a recorded, but improperly acknowledged deed "fail[s] to give any notice to any third party."

–14–

Having previously determined that the Whoa Deed was not "effectively recorded," we conclude that the Whoa Deed "[did] not impart constructive notice to third parties."[4]  *See Countrywide Home Loans, Inc.*, 240 S.W.3d at 4.

Whoa contends that even if the Whoa Deed did not provide constructive notice, the Dangtran affidavit raises facts that show Regan and its predecessors in interest had constructive notice of Whoa's claim because of Dangtran's visible, open, exclusive, and unequivocal possession of the property.  On appeal, Regan contends that the facts offered in the affidavit are insufficient to raise a genuine issue of material fact.

Dangtran's affidavit makes several statements that Whoa contends raise a genuine issue of material fact regarding whether Dangtran's possession of the property was visible, open, exclusive, and unequivocal.  *See Madison*, 39 S.W.3d at 606-07; *Apex Fin. Corp.*, 155 S.W.3d at 234-36.  According to Dangtran, he began living with Le at the property on or about October 31, 2007, but Le ceased living at the property in "late winter or early spring of 2008," while he continued living there until "September or October, 2011."  Therefore, Whoa contends that on June 30, 2010, when Le conveyed the property to herself, obtained the loan from DHLC, and executed the Le DOT on the property, Dangtran was in visible, open, exclusive, and unequivocal possession of the property.[5]  Regan contends that the facts offered are insufficient because "the record reflects that Dangtran and Le were married," so Dangtran's possession was not unequivocal.

---

[4] Whoa contends only that the Whoa Deed was properly acknowledged and recorded, so it "constitutes irrefutable *constructive* notice." Whoa does not argue that the Whoa Deed, if unlawfully recorded, may have provided another type of notice.  *See Farmers Mut. Royalty Syndicate v. Isaacks*, 138 S.W.2d 228, 231 (Tex. Civ. App.—Amarillo 1940, no writ) ("[W]hatever fairly and reasonably would put a person of reasonable care and prudence upon inquiry concerning facts or circumstances in connection with the title to property which he contemplates purchasing binds him to a proper and reasonable inquiry concerning the truth and charges him with notice of all facts and circumstances which such reasonable inquiry would reveal.").  Consequently, we do not address whether the unlawfully recorded Whoa Deed may have provided "any notice" to Regan, Dykema, or DHLC.

[5] On appeal, Regan contends that, "according to Dykema," the transaction between Le and DHLC occurred on June 20, 2010.  However, in its motion for summary judgment, Regan stated that the transaction occurred on June 30, 2010.  The record shows that the Le Deed and the Le DOT were both dated June 30, 2010.  Importantly, whether the transaction occurred on June 20 or June 30 does not affect the analysis because the evidence shows that the conveyance to Whoa occurred on June 1, 2010, and Dangtran was in possession of the property from "late winter or early spring of 2008" through "September or October, 2011."

–15–

Regan cites *Strong*, for the proposition that "possession by a member of the record owner's family [is] not [un]equivocal." However, *Strong* is distinguishable from the facts in this case. *See Strong*, 98 S.W.2d at 347-50. The appellees in *Strong* held an oil and gas lease executed by the appellants' father and the holder of legal title to the property, Manuel Strong, and his second wife. *Id.* at 347. The appellants were Manuel's two children by his first wife, and they claimed a right to their deceased mother's community interest in the land. *Id.* at 350. At all relevant times, the appellants occupied the land with Manuel, his second wife, and their five children. "They lived as one family and all helped cultivate the farm." *Id.* That Court found that the appellants "resided on the land as [] member[s] of Manuel Strong's family and [were] in no sense in open or exclusive possession." *Id.* Rather, "[t]he visible possession was that of the father, Manuel Strong, who held the legal title." *Id.* Hence, that Court held "[i]f the presence of [appellant] as a member of the family may be considered possession, it is apparent that his possession was not of the character or quality that gives constructive notice." *Strong*, 98 S.W.2d at 347. In the case before us, the only evidence offered on this issue is the Whoa Deed, the Le Deed, the Le DOT, and the affidavit of Dangtran. Dangtran's sole reference to a familial relationship is his statement that in late 2007 he was in "a failing marriage with Tuyet Anh Le." We also note that the record shows, in June 2010, Le executed the Le DOT identifying herself as "a single woman."

Dangtran claims that he was still in sole possession of the property when the Le DOT and note were assigned to Dykema and when Regan purchased the property at the trustee's foreclosure sale. As reported by Dangtran, no one inquired about his interest in the property at any time. Whoa contends that had DHLC, Dykema, or Regan inquired about Dangtran's rights to the property, they would have learned about Whoa's claim. In Regan's motion for summary judgment, it claimed it was a bona fide purchaser. Regan did not address the issue of

–16–

constructive notice from Dangtran's possession in its motion for summary judgment, and no reply was filed to Whoa's response and Dangtran's affidavit.

The record indicates that only Dangtran occupied the property after "late spring or early winter of 2008" when Le moved to California. *See Apex Fin. Corp.*, 155 S.W.3d at 235. Unlike the property in *Madison*, the subject property in this case is not a multi-unit rental property and no other facts in this record establish that Dangtran's possession was "compatible with another's ownership assertion." *See Madison*, 39 S.W.3d at 607; *Apex Fin. Corp.*, 155 S.W.3d at 235 (holding that a subsequent purchaser had constructive notice of the possessor's claim and noting that the subsequent purchaser "presented no evidence that it received any assurances of ownership from [the record title owner]" such that the possession was "compatible with another's assertion of ownership"). Like the possessor in *Bell*, the record shows that Dangtran was "living in [the property] as [his] home" when DHLC, Dykema, and Regan acquired their respective interests in the property. *See Bell*, 532 S.W.2d at 686; *see also Madison*, 39 S.W.3d at 607 ("Arguably, this sole possession of [a single-unit dwelling] implicates visibility, openness, exclusivity, and unequivocality."). We agree with Whoa that Dangtran's affidavit raises a genuine issue of material fact regarding whether his possession of the property was visible, open, exclusive, and unequivocal. *See Madison*, 39 S.W.3d at 606-07; *Apex Fin. Corp.*, 155 S.W.3d at 234-36. Consequently, Regan did not conclusively prove every element of its bona fide purchaser defense and was not entitled to summary judgment. *See In re Estate of Hendler*, 316 S.W.3d at 707-09. Because we conclude the trial court erred in granting summary judgment in favor of Regan, we decide Whoa's second issue in its favor. *See* TEX. R. CIV. P. 166a(c).

### III. REGAN'S THIRD PARTY CLAIMS

Regan contends that if we reverse the summary judgment declaring that Regan has "proper, exclusive title to the residential property," then we must also reverse the judgment in

favor of Dykema on Regan's third party "contingent claims." According to Regan, because Dykema "did not independently move for summary judgment," the only basis for the trial court to grant judgment on the merits of Regan's third party claims was "the contingent nature of Regan's claims." Dykema did not file a brief or appear for submission.

In his "motion joining" Regan's amended third motion for summary judgment, Dykema contended he "is not liable to [Whoa] or Regan on any legal theory asserted in this case" and that he "is a bona fide lender and was entitled to foreclose on the [Le DOT]." The order granting final judgment specified that Regan take nothing on its claims against Dykema "[b]ecause of the Court's grant of summary judgment and the judgment being rendered herein." Because there remains a material issue of fact as to Regan's assertion of its bona fide purchaser status, Regan was not entitled to summary judgment awarding it "proper, exclusive title" to the property, and the trial court erred in granting Dykema summary judgment on that basis. We decide in favor of Regan on its "conditional cross issue."

## IV. CONCLUSION

A genuine issue of material fact precludes Regan's entitlement to summary judgment. We reverse the summary judgment in favor of Regan and against Whoa. Because the judgment in favor of Dykema on Regan's third party "contingent claims" was based solely on the summary judgment in Regan's favor and against Whoa, we reverse the judgment in Dykema's favor and against Regan. We remand this case in its entirety to the trial court for proceedings consistent with this opinion.

131412F.P05

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

–18–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WHOA USA, INC., Appellant

No. 05-13-01412-CV      V.

REGAN PROPERTIES, LLC,
Appellee/Cross-Appellant

On Appeal from the 219th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 219-04211-2011.
Opinion delivered by Justice Lang. Justices
Bridges and Evans participating.

V.

KURT DYKEMA, Cross-Appellee

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant WHOA USA, INC. recover its costs of this appeal from appellee/cross-appellant REGAN PROPERTIES, LLC. It is further **ORDERED** that REGAN PROPERTIES, LLC recover its costs of its cross-appeal from cross-appellee KURT DYKEMA.

Judgment entered this 26th day of November, 2014.